JOHN MONCRIEF, Appellant, *v*. THEODORE ROSS et al., Respondents.

M. by his will devised the net income arising from his real estate to his mother during her life, and upon her death directed his executor to sell all his real estate with the exception of one piece, and out of the proceeds to to pay his sister J. $20,000 and the residue to his sister A. The mother died during the lifetime of the testator. The testator died, leaving plaintiff (his brother) and the two sisters his only heirs. After his death the executor received the rents of the real estate. Plaintiff claimed one third thereof, and asked for an accounting. *Held*, that the will gave the executor no title to the real estate, or right to receive the rents and profits; but as the sale was directed to be made immediately after the death of the mother, and the direction was absolute; by this power the land was equitably converted into money, and would be so regarded, and that the entire proceeds belonged to the sisters.

*Germond* v. *Jones* (2 Hill, 569) and *Campbell* v. *Johnson* (1 Sandf. Ch.. 148), distinguished.

(Submitted November 29, 1872; decided December 3, 1872.)

APPEAL from judgment of the General Term of the Common Pleas for the city and county of New York, affirming a judgment in favor of defendants, entered upon the report of a referee.

The action was brought to compel defendant Ross, as executor of the last will and testament of James Moncrief, to account for the rents collected by him from the real estate of the deceased, and to pay to plaintiff one-third thereof. James Moncrief died February 1, 1871, seized of a large amount of real estate situate in the city of New York, leaving plaintiff, his

brother, and defendants Agnes A. Moore and Jane Moncrief, his sisters, his only heirs him surviving. He left a last will and testament, of which the following is a copy:

"I, James Moncrief, of the city of New York, do make, publish and declare this to be my last will and testament, hereby revoking, and making null and void, all other and former wills by me made, as follows: 1st. I direct that all my just debts and funeral expenses be paid as soon as convenient after my decease. 2d. I give and bequeath the sum of $500 per annum, payable quarterly from and after my decease, for and during the lifetime of my mother, to each of my sisters. 3d. I give, devise and bequeath the right of burial in my Oakhill Cemetery plot to my mother, brother and sisters, and brother-in-law, and the fee thereof unto the children of my sister Agnes, and their respective heirs and assigns forever. 4th. I give and bequeath all my personal estate to my mother. 5th. I give, devise and bequeath the net income arising from my real estate unto my mother, for and during her natural life, and at and upon her death, after paying the expenses of her suitable and proper burial. 6th. I direct that my plot aforesaid be properly inclosed, and a vault and monument be erected thereon. 7th. Thereupon I direct my executor to sell and dispose of all the real estate whereof I may die seized, possessed or entitled, except the plot aforesaid, at public or private sale, hereby authorizing and empowering him to make and deliver proper conveyances for the transfer to the purchasers thereof. 8th. Out of the proceeds of such sale I give, devise and bequeath the sum of $20,000 to my sister Jane, and her heirs and assigns forever. 9th. The rest and residue thereof I give, devise and bequeath unto my sister Agnes, and her heirs and assigns forever. Lastly. I nominate and appoint my friend, Theodore Ross, executor of this my last will and testament. In testimony whereof I have subscribed my name and affixed my seal this 24th day of February, in the year of our Lord one thousand eight hundred and sixty-eight.

      "JAMES MONCRIEF" [L. s.].

The mother of the testator died before him, to wit: September 3d, 1869. The will was duly admitted to probate, and the executor collected the rents of the real estate, some portions of which remained unsold at the time of the trial. The referee directed the dismissal of the complaint, and judgment was entered accordingly.

*David McAdam* for the appellant. The executor took no estate in the realty devised by the will. (*Right & Phillips* v. *Smith,* 12 East, 455; *Gregory* v. *Henderson,* 7 Taunt., 772; Coke on Litt., ed. 1818, vol. 2, p. 118, and notes; Sugd. on Powers, 3d Am. ed., marg. p. 120, and notes; 3 R. S., 5th ed., 20, § 75.) The executor had a mere power of sale, and until the exercise of it the heirs were entitled to the rents. (*Johnson* v. *Schauber,* 7 Cow., 107; 3 Cow., 651; 4 Wash. C. C., 278; *Martin* v. *Martin,* 28 How., 385; and see 2 Bradf., 107; 43 Barb., 175; 3 Comst., 276; 26 Barb., 224; *Hopkins* v. *Hopkins,* cases Tempore Talbot, 44; Sugd. on Powers, 3d Am. ed., marg. p. 120, and notes; Coke on Litt., ed. 1818, vol. 2, p. 118; *Doe* v. *Shotter,* 8 Ad. & El., 905; Hilliard on Real Estate, 3d ed., p. 591, subd. 17; *Walker* v. *Quigg,* 6 Watts, 89; *Jackson* v. *Jansen,* 6 Johns., 73; *Bloomer* v. *Waldon,* 3 Hill, 361; *Sharpsteen* v. *Tillon,* 3 Cow., 651; *Campbell* v. *Johnson et al.,* 1 Sandf, Ch. R., 148; *Allen* v. *De Witt,* 3 Comst., 276; Law of Trust and Trustees, Tiff. & Bull., 750, ed. of 1862, and authorities there cited; Hill on Trustees, 2d Am. ed., marg. pp., 235, 236, and authorities there cited; Caines' Cas. in Error, 1–16.) The legal estate was in the heirs, subject to the execution of the power of sale. (*Allen* v. *Dewitt,* 3 Comst., 278, citing Chance on Powers, 172, § 454; 1 R. S., 737, § 121; 5 Seld., 411.) The legacy to the mother lapsed by her death to the heirs, who have a right to an accounting. (*Savage* v. *Burnham,* 17 N. Y., 574, 575; 31 How., 128; *Wright* v. *Wright,* 16 Ves., 191; Rop. Leg., 471–531; *Digby* v. *Legard,* 3 P. Wms., 22; *Bagwell* v. *Dry,* 1 id., 700; *Pelt* v. *Chapman,* 1 Ves., Sr., 542; *Wood*

v. *Brown*, 34 N. Y., 337; *Campbell* v. *Johnson*, 1 Sandf. Ch.
R., 148.)

*J. S. Bosworth* for the respondents. A testator, by the terms
of his will, may make land money, or money land. (Jarman
on Wills, vol. 1, pp. 473–480; Redf. on Law of Wills, vol. 2,
125, 126.) The land was equitably converted into money and
the proceeds belonged to the sisters. (*Manice* v. *Manice*, 43
N. Y., 303; *Bogert* v. *Hertell*, 4 Hill, 500.) The fee of the
real estate vested in the executors by necessary implication of
law. (*Doe* v. *Homfay*, 6 Ad. & El., 206; 3 R. S., 5th ed.,
15, § 50; *Bogert* v. *Hertell*, 4 Hill, 500; *Manice* v. *Manice*,
43 N. Y., 303.)

Grover, J. The testator, by the fifth clause of his will,
devised the net income arising from his real estate to his
mother during her life, and at and upon her death, after pay-
ing the expenses of her suitable burial. By the sixth clause
he directed that a burial plot owned by him in a cemetery be
properly inclosed and a vault and monument erected thereon.
The seventh clause is as follows: "Thereupon I direct my exe-
cutor to sell and dispose of all the real estate whereof I may
die seized, except the plot aforesaid, at public or private sale,
hereby authorizing and empowering him to make and deliver
proper conveyances for the transfer to the purchaser thereof."
By the eighth clause he gave out of the proceeds of the sale the
sum of $20,000 to his sister Jane, one of the respondents, and
her heirs and assigns forever. By the ninth, he gave the rest
and residue thereof unto his sister Agnes, also a respondent,
and her heirs and assigns forever. The mother died during
the life of the testator. The testator died seized of consider-
able real estate in the city of New York, leaving the appel-
lant, his brother and the above mentioned sisters his only
heirs. The respondent, the executor, after probate of the
will, received the rents of the real estate. The appellant in
this action claims an account of such rents and payment to him
of one-third thereof, which he claims to be entitled to as one

of the heirs of the testator. Whether he is so entitled is the only question in the case.

By the death of the mother in the life of the testator, the devise to her of the net rents and profits during her life lapsed, but by the true construction of the residue of the fifth clause the payment of her funeral expenses were charged upon the proceeds of the real estate. By the sixth clause the cost of inclosing the burial plot and erecting a vault and monument thereon were made a° like charge. The complaint contains no allegations in respect to either of these charges upon the proceeds of the estate, and the presumption is that the funeral expenses of the mother have been paid, and the plot inclosed, and vault and monument erected thereon, and properly paid for, but whether so or not is not material. As above remarked, the only question made in the case is whether the appellant, as heir of the testator, is entitled to receive a portion of whatever rents and profits may have been received by the executor before the real estate is sold under the power given by the seventh clause of the will. The position of the appellant is that this seventh clause does not give to the executor any title to the real estate. That consequently such title descended to him, subject to the execution of the power of sale by the executor, and that the heirs are, as owners, entitled to the rents and profits until such execution. The first proposition is correct. The seventh clause does not give to the executor any title to the real estate in trust or otherwise, or right to receive the rents and profits, but confers upon him a general power, in trust, to sell the land. (1 N. Y. Statutes at Large, 684, § 94.) In this respect the statute is the same as the pre-existing law, and were there no other provisions in the will to affect the question, the title, as claimed by the appellant, descended to the heirs, subject to the execution of the power of sale, and as owners they were entitled to the rents and profits accruing intermediate the death of the testator and such execution (*Jackson* v. *Schauber*, 7 Cowen, 187 ; reversed, 2 Wend., 258), but upon what ground does not appear (*Sharpsteen* v. *Tillou*, 3 id., 651).

But by the seventh clause a sale was directed to be made immediately after the death of the mother. This direction was absolute, and performance of the duty would have been enforced in equity. (1 N. Y. Statutes at Large, 684, § 96.) The execution of the power was not made dependent upon any contingency or the exercise of any discretion by the donee. Hence, by the power, the land was equitably converted into money from the time the sale was directed to be made, and will be so regarded thereafter in equity for all purposes. (*Bogert* v. *Hertell*, 4 Hill, 492; 1 Jarman on Wills, 525, 530.) This is upon the principle that equity regards as done what ought to be done. (*Munice* v. *Manice*, 43 N. Y., 303; *White* v. *Howard*, 46 N. Y., 144.) It follows that the land must be regarded as converted into money for the purpose of determining who is entitled to the proceeds, whether arising from income or a sale. So regarded by the eighth and ninth clauses of the will, the entire proceeds of the land, except the funeral expenses, etc., are given as money to the sisters of the testator, Jane and Agnes. Any income derived from the real estate before the sale has been made, in equity clearly belongs to these sisters, and not to the plaintiff. This was the intention of the testator, apparent from the will.

The only question in *Germond* v. *Jones* (2 Hill, 569) was whether the donee of a power to sell real estate, which was in trust, so far as the proceeds were required to pay debts and legacies, but beneficial as to any residue, there might be thereby acquired seizin of the estate, thus making his wife dowerable therein. It was held that he did not. The case has no bearing upon the equitable rights of the parties in this action. *Jackson* v. *Schauber* (7 Cowen, 187) was an action of ejectment, where the only question was as to the legal title, and had nothing to do with the equitable rights of beneficiaries under the power. *Campbell* v. *Johnston* (1 Sand. Ch. 148), cited and somewhat relied upon by the counsel for the appellant in support of the heirs' right to the income in this case, will be found upon examination to have no such tendency. There the land was devised to the executors in trust,

to sell for the benefit of the heirs of the testator. The executors having before the sale received the rents and profits, it was held that no estate vested in them under the will; that they had only a power in trust; that the land descended to the heirs, to whom the executors were accountable for the rents and profits received by them. It will be seen that the heirs were the beneficiaries under the power. Had these been different persons, the question presented by this case would have arisen in that, but being identical, no such question was discussed or determined. The executors were held accountable to the persons entitled to the money, and whether called heirs or devisees, was wholly immaterial. In this case the executor must account to the persons entitled to the money. These we have seen are the legatees to whom the proceeds of the land are given as money by the will, and not the plaintiff. He has no interest therein, whether arising from rents or sales. His complaint was for that reason rightly dismissed. This leads to an affirmance of the judgment, with costs.

All concur, except Folger, J., not voting.

Judgment affirmed.