MARY B. BOUTON AND OTHERS, APPELLANTS, *v.* CARRIE
THOMAS, EXECUTRIX, ETC., OF EMMETT LEGERN, DECEASED,
AND FRANK WHITE, RESPONDENTS.

*Discretionary power of sale — when it does not vest the title in the executors — right
of the remaindermen to maintain an action for waste against the life tenant.*

This action was brought by the plaintiffs, claiming as remaindermen under the
will of one Legern, to recover for waste alleged to have been committed or
directed by a tenant for life. The will, after directing the payment of debts
and specifying certain bequests and devises, among which was an estate for life
in certain real estate, gave the residue of his estate, real and personal, to his
"heirs, to be equally divided between them, share and share alike, including
my wife," and by a subsequent clause gave all his real and personal estate, of
whatever nature or kind, to his executors in trust for the payment of the debts
and legacies, with power to sell and dispose of the same at public or private
sale, at such time or times, and upon such terms and in such manner, as to them
should seem meet. Upon the trial a motion to dismiss the complaint was made
by the defendants, upon the ground that the plaintiffs had not shown either title
or possession of the premises and could not maintain the action.

*Held*, that the court erred in granting the motion.

That the trust to pay debts and legacies vested no estate in the trustees, as they
were not authorized to receive the rents and profits, nor entitled to the possession
of the real estate, and that, until the execution of the power, the fee was in the
heirs subject to the estate of the tenant for life.

*It seems*, that if this were a case in equity the judgment appealed from might have
been sustained upon the doctrine of equitable conversion, as the gift of the use
of the land to the tenant for life was accompanied by an imperative direction
that upon his death such land should be sold by the executors, or the survivor
of them, and be divided equally among the heirs.

APPEAL from a judgment of nonsuit, ordered at the Cayuga
Circuit.

*John L. Parker*, for the appellants.

*John E. Cropsey* and *H. Greenfield*, for the respondents.

SMITH, P. J. :

The plaintiffs, claiming as remaindermen or reversioners under
the will of John C. Legern, deceased, seek to recover in this action
for wasté alleged to have been committed or directed by the life
tenant. The will, after directing the payment of the testator's
debts and specifying certain devises and bequests, gave the residue

of the estate, real and personal, to "my heirs to be equally divided between them, share and share alike, including my wife." By a subsequent clause it gave "all my real and personal estate of what nature or kind soever to Emmett Legern, Sarah A. Legern and Giles M. Stoddard, the executors of this my last will and testament, hereinafter nominated and appointed, in trust for the payment of my debts and the legacies above specified, with power to sell and dispose of the same at public or private sale, at such time or times and upon such terms and in such manner as to them shall seem meet." Among the specific devises was one of a life estate in the real estate in question to the said Emmett Legern, who was one of the original defendants in this action. He having died his executrix, Carrie Thomas, was substituted in his place. At the trial the plaintiffs put the will in evidence, and when they rested the defendants moved for a nonsuit upon the ground, as the case states, that the plaintiffs "have shown neither title nor possession to the premises in question, and for that reason they cannot maintain this action." The court granted the motion upon the ground, as the case also states, that the title was in the trustees and not in the heirs.

In that we think the learned justice was in error. The trust was to pay debts and legacies. Under the statute it was good as a power in trust to sell and apply the proceeds to that purpose (1 R. S., 728, § 55, sub. 1, 2), but the trustees were not authorized to receive the rents and profits, nor were they entitled to the possession, and, therefore, no estate vested in them. (1 R. S., 729, § 56.) Until the execution of the power the fee was in the heirs subject to the life estate of Emmett Legern. (Id., §§ 56, 59.) This view of the statutes cited is sustained by numerous adjudications, among which are *Boynton* v. *Hoyt* (1 Den., 53), *Germond* v. *Jones* (2 Hill, 569); *De Peyster* v. *Clendining* (8 Paige, 295); *Manice* v. *Manice* (43 N. Y., 303, 364); *Chamberlain* v. *Taylor* (105 id., 185). The Revised Statutes gave to a person seized of an estate in remainder or reversion the right to maintain an action of waste or trespass, for any injury done to the inheritance, notwithstanding any intervening estate for life or years. (1 R. S., 750, § 8.) That right, we understand, is continued by the Code of Civil Procedure (§§ 1651, 1652, 1655). The waste in this case consisted in cutting down growing trees.

If this were a case in equity the judgment appealed from might, perhaps, be sustained upon the doctrine of equitable conversion. The land was given to the executors in trust for the payment of debts and legacies, " with power to sell and dispose of the same at public or private sale, at such time or times, and upon such terms, and in such manner as to them shall seem meet." And by a previous clause, the gift of the use of the land in question to the son Emmett, for life, was accompanied by a provision that upon his death, such land be converted into money by the executors, or the survivor of them, and divided equally among the heirs. Although the executors were to exercise their discretion as to time, manner and terms, the direction to sell upon the death of the life tenant, we think, was imperative and not discretionary, so that, in equity, the heirs would be regarded as taking the property as money and not as land. (*Stagg* v. *Jackson,* 1 Comst., 206, opinion of JEWETT, Ch. J., p. 212, and authorities there cited by him; 1 Jarm. on Wills [3 Am. ed.], 481, m. p., 529 ; *Moncrief* v. *Ross,* 50 N. Y., 431.) But as the controversy in this action relates to the legal title only, the doctrine of equitable conversion has no application.

It is now contended by the respondents' counsel that there is no evidence that the plaintiffs are heirs of the testator. The point does not appear to have been suggested at the trial. On the contrary, the fact of the plaintiffs' heirship seems to have been assumed without dispute. We think that for the error above pointed out there should be a new trial, when the question of heirship, if there is any real dispute about it, can be distinctly litigated.

The judgment should be reversed, and new trial ordered, costs to abide event.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed, and new trial ordered, costs to abide event.