Potter, J.
The complaint substantially claims that the plaintiff is entitled to recover a life estate in the premises described in the complaint, which it alleges belonged to Giles Brisbin, as tenant by the courtesy, as the surviving husband of Matilda Brisbin, under the will of Catherine S. Bailey, or as one of the heirs-at-law of said Catherine.
The complaint predicates his right to this life estate, under the will of said Catherine Bailey, the death of Matilda, intestate, and the marriage with said Giles, and his survivorship,' the recovery of a judgment against said Giles, the issuing of an execution thereupon, and a sale of the interest of said Giles thereunder, and the purchase thereof, and the sheriff’s deed by virtue of said sale, and upon the transfer of said interest to plaintiff.
The complaint, also, presents another claim to said premises, or the income thereof by virtue of a transfer or assignment of the interest or income to said Giles for life, which the heirs of said Matilda were entitled to under the will of said Catherine Bailey, and the sale of said interest or income under the execution sale against the said George above-mentioned.
The provisions of the will of said Catharine, upon which these questions arise are as follows:
‘ Fifth. I give and bequeath unto my said daughters, Maltilda Brisbin, and Prances B. Haight, my china tea-set, and all the rest and residue of my plated and silverware, and of my household property and furniture, be divided equally, by and between them," share and share alike.”
“ Tenth. I direct and empower my executors, hereinafter named to sell and convey all the real estate of which I shall die seized, for the best price that can be obtained for the same, and at such time or times as shall in their judgment be for the best interest of all concerned, and the proceeds arising therefrom, together with the rest, residue and remainder of my personal property, I give and bequeath to my said executors in trust as follows: the same to be by them safely and securely invested and reinvested, and the interest and income arising therefrom to be by them annually, after the same shall be so invested, paid to my said two daughters, in equal portions during their natural lives, that is to say, each of- my said daughters shall receive one-half of said interest or income during her natural life. And upon the death of each of my said daughters the principal of which she shall have received, or shall have been entitled to, the interest or income as aforesaid, shall be paid by my said executors to her then living children in equal proportions.”
“Lastly. I do hereby nominate, constitute and appoint my sons-in-law Giles S. Brisbin and William S. Haight, and my friend Isaac 0. Ormsby, executors of this my last last *44 will and testament, hereby revoking all forme- wills by me made.”
The defendants in their fourth answer to the complaint set up that the property pretended to be sold under the above execution against Giles B. Brisbin, was personal and not real property, and that the sale was made in the manner of selling provided for real and not for personal property which must be in view at the time of selling, etc.
That presents the principal question in this case. Whether this lot of land, under the provisions of the will of Catharine Bailey and her death, was not equitably converted into personal property.
I am of the opinion that such was the case. Justice Landon, at special term, in an action involving a construction of this same will, expressly held that the principles of equitable conversion make the whole estate personal property from the death of the testatrix, Catharine S. Bailey.”
It was stated by plaintiff’s counsel, in his brief, that the decision of Justice Landon was reversed upon appeal to the general term. I have not been furnished with the opinion of the general term, but the copy of the order of the general term has been furnished me, and from that it would appear that the general term modified some provision for a sale of the premises contained in the judgment upon the decision of Justice Landon, and, as modified, affirmed the judgment.
But, aside from the holding of Justice Landon, and upon well settled principles, I do not doubt that the real estate was by the will of Catherine S. Bailey and her death equitably converted into personal property.
The direction in the will to sell was absolute. The avowed and only purpose of selling was to convert the property into money, and to invest and reinvest the same and pay over the income thereof to beneficiaries in the will. It is true that the real estate was not sold for a long time, and in this respect perhaps the executor, who alone qualified for a long time, violated the direction of the will and his duty under it. But in equity that is done, which ought to have been done. Bogert v. Hertell, 4 Hill R., 492; Moncrief v. Ross, 50 N. Y., 431, Stagg v. Jackson, 1 id., 206; Maince v. Maince, 43 id.. 303; White v. Howard, 46 id., 144.
But the plaintiff alleges in his complaint that this property has been sold under the provisions of said will, and that, too, before this action was commenced. If Giles Brisbin had an estate for life as tenant by the courtesy, what became of it at and after the sale by the executors under the will?
*45 If it was converted into personal property, the wife of Giles Brisbin did not die seized of this lot of land and he had no estate in it as a tenant by the courtesy, nor had the heirs of the wife of said Giles (the defendant Nathan Brisbin and Catherine Dunn) any estate or interest in this property which could be sold upon a real estate execution or probably under any other execution upon a judgment in an action at law. 0
The demurrer to the fourth defense should be overruled.
The plaintiff has also demurred to the fifth answer of the defendants. That is substantially that before the commencement of this action the defendant Giles for value sold, assigned and conveyed unto the defendants Nathan Brisbin and Catherine Dunn all and every right, title and interest which had been conveyed to him by the instrumment set forth in the complaint or otherwise.
The complaint contains various allegations, the force or pertinency of some of which is not readily apprehended, but the general theory of which is that by the sale under the execution above referred to, the purchaser .acquired an interest in the real estate mentioned in the complaint. We have otherwise held, in considering the demurrer to the fourth answer. Is there any other view in which the complaint may be regarded as stating a cause of action ?
The allegations in it are insufficient to constitute a judgment creditor’s action, for there are no allegations of the issuing and return of an execution unsatisfied or that the Hollister judgment is not fully paid and satisfied.
It is not worth while to speculate further in relation to the complaint for all the right which plaintiff has to this land or income he derived from the sale under the execution above referred to, and under that he acquired no right whatever to this property or its income.
The plaintiff’s complaint is therefore defective in not stating any cause of action. Hence I cannot quite see the force ©r pertinency of the matters alleged in this fifth answer.
If the real estate of the testator, Mrs. Bailey, had not been equitably converted into personal property, then the Hollister judgment would have become a lien upon any real estate Giles Brisbin owned either as tenant by the courtesy or as the grantee of the defendants, Nathan and Mrs. Dunn and’Fannie Wright, and the conveyance by said Giles before the commencement of this action unless it was before said lien was effected, would not affect such lien and the right to sell to satisfy said judgment.
If, therefore, his property was not real estate, plaintiff got no title to it by virtue of the sale. If it was real estate, the plaintiff’s title to it antedates the time of commencing *46 this action, and an answer that the property was conveyed by Giles before the commencement signifies nothing, and would constitute no defense.
Assuming, however, that the fifth answer is insufficient in law for any purpose, yet before it can be overruled and the plaintiff have judgment, the plaintiff must have stated a good cause of action in his complaint.
The old rule is and must be in force for all practical purposes, that even though an answer is held insufficient as against a demurrer, yet the defendant will be entitled to judgment where the plaintiff’s complaint fails to state a cause of action. People v. Booth, 32 N. Y., 397; Noxon v. Bentley, 7 How., 316.
In other words, any answer is a good enough defense to a complaint which does not state a cause of action, or an insufficient answer will not furnish the plaintiff who has failed to state a cause in his complaint with a cause of action entitling him to a judgment.
The defendant must have judgment with costs of the action unless the plaintiff applies for leave to amend, and which, if granted, must be upon payment of costs of demurrer, say thirty-seven dollars.