*In re* RANSOM'S ESTATE.

(*Surrogate's Court, New York County.* April 5, 1890.)

EQUITABLE CONVERSION—TESTAMENTARY POWER OF SALE.

A testator devised a farm, with the stock, horses, etc., thereon, to four persons as joint tenants, the income to be divided in a specified manner. In the event that the income should become insufficient to pay expenses and a dividend to the beneficiaries, he empowered the executors to sell the property, and to pay the proceeds, one-half to one of the beneficiaries, and the other half to the other three, "the survivor and survivors, share and share alike." *Held* that, after the farm had become unprofitable, and after a sale of part of the stock by the executors, the entire property, by virtue of the power of sale, was converted into personalty, and from a joint tenancy to a tenancy in common, and that the heirs of one of the beneficiaries, who thereafter died, were entitled to her share of the proceeds from the sale of the entire property.

Construction of the will of Charles B. Ransom, deceased.

*William H. Newman,* for petitioner.    *Fullerton & Rushmore,* for respondent.

RANSOM, S.    By the second clause of the testator's will he gave a farm, together with stock, horses, etc., thereon, to a brother-in-law and three sisters, as joint tenants.    He directed that the income and profits of said farm be divided, one-half thereof to go to the brother-in-law, and the other half to the three sisters.    As a consideration for and condition of the devise to the brother-in-law, he was to conduct and manage the farm.    In the event that the farm would not pay expenses and a dividend to the beneficiaries, the executors were given power of sale, and directed to pay over the proceeds to the same persons, and in the same proportions, as the income was directed to be disposed of.    On June 9, 1886, the executor sold a part of the stock on the farm for $1,185.    In May, 1887, he sold the remainder of the stock, etc., for $2,000, and the farm for $13,000, subject to a mortgage thereon.    Between the dates of the first and second sales Mrs. Jones, one of the three sisters, died, leaving issue.    By the terms of the testator's will, giving the executors a power of sale in the event specified, an equitable conversion was effected of the real estate.    Immediately upon the happening of that event, there vested in the beneficiaries an undivided interest in the property as personalty, in the proportions specified in the will.    *Moncrief* v. *Ross,* 50 N. Y. 436; *Manice* v. *Manice,* 43 N. Y. 303; *Savage* v. *Burnham,* 17 N. Y. 569; *Greenland* v. *Waddell,* 116 N. Y. 240, 22 N. E. Rep. 367.

It is contended by the executor that the proceeds retained the character of the joint tenancy after the happening of the event by which the conversion was effected, and that, consequently, the representatives of the deceased sister are not entitled to share in the proceeds.    It is manifest, from the language employed by the testator, that he intended to alter the character of the estate, as well as the character of the property, from and after the happening of the event specified.    The direction is "to pay over the proceeds thereof, one-half part to said William Frost, and the other one-half to my said three sisters, the survivor or survivors, share and share alike."    If it were intended to preserve the joint tenancy, why provide for the payment to survivors?    In a joint tenancy, the estate would ultimately vest in but a single owner.    The use of the words, "share and share alike," are likewise repugnant to the notion of a joint tenancy.    The intention of the testator is very clear.    Had the sister died before the happening of the event, all her interest in the property would have ceased.    Having survived that event, there vested in her an undivided one-third interest in the property mentioned.    The vesting of this interest was not dependent upon the exercise by the executors of the power of sale, for, as is stated in the text-books as an elementary principle upon which the doctrine of conversion is founded, "it would be obviously unreasonable that the rights of parties beneficially interested should depend upon the acts of persons through whose instrumentality the conversion is to be effected, and in whom no discretion is expressed to be reposed."    But the court is not compelled to rely upon this principle.    As a matter of fact, an actual conversion did take place, as to a portion of the property, before the death of Mrs. Jones.    It will not be questioned that, as to that extent, it was conclusively established that the event provided for in the will had arisen.    But, if the event had arisen so far as to justify the sale as to a portion of the property, the same event would justify the sale of all.    It may be suggested that because the portion sold was personalty, it should not affect the realty.    But it seems that where the testator has blended the proceeds of real and personal property, where legatees take a temporary interest, it is to be inferred that he does not intend them to be subsequently separated.    2 Jarm. Wills, 219, 220.