(7 Misc. Rep. 25.)

LYDON et al. v. METROPOLITAN EL. RY. CO. et al.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

WILLS—CONSTRUCTION—CONVERSION.

> A will which gives a person real estate for life, and directs the executors to sell the premises on the death of the life tenant, and divide the proceeds among certain persons, gives such persons no interest in the land.

Appeal from judgment on report of referee.

Action by Richard P. Lydon and others against the Metropolitan Elevated Railway Company and another to enjoin defendants from maintaining and operating an elevated railroad in front of the premises No. 843 Sixth avenue, and for damages sustained thereby. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Amasa A. Redfield, for appellants.

Julien T. Davies and Frank S. Williams, for respondents.

BISCHOFF, J. Plaintiffs base their right to maintain their action on the provisions of the will of Dennis W. Buckley, their ancestor, under which they claim title, as remainder-men in fee of the premises in suit. The life tenant under the terms of the will of said testator, Ellen Lydon, is still living, and the plaintiffs are her children. The right of plaintiffs to maintain this action, therefore, depends upon the construction to be given to the will of Dennis W. Buckley, deceased. Appellants are undoubtedly correct in their contention that, as a matter of law, where there is a direction for a future conversion of real property into personalty, the property is not deemed to be converted until the time of its conversion, as indicated by the testator, has arrived. This proposition is abundantly established by authority, (Underwood v. Curtis, 127 N. Y. 533, 28 N. E. 585; Savage v. Burnham, 17 N. Y. 561; Moncrief v. Ross, 50 N. Y. 431; Vincent v. Newhouse, 83 N. Y. 505;) but they are in error in supposing the correctness of such contention is decisive of this action in their favor. Under the terms of testator's will, so far as the question in controversy is concerned, testator has provided as follows:

"I give, devise, and bequeath to my daughter Ellen Lydon, wife of P. H. Lydon, the house and lot No. 843 Sixth avenue, in the city of New York, * * * for and during her natural life. * * * On the death of each of my said children to whom I have devised real estate for life, I order and direct, and I do hereby authorize and empower, my executors to sell and dispose of the said premises herein devised to such child so dying for life, and to distribute the proceeds therefrom as follows: * * * If he or she leaves children or descendants of children, then among said children and descendants of children, the descendants of a child taking the share the parent would have taken if living. If he or she leave no children or descendants of children, then among his or her brothers and sisters, and descendants of brothers and sisters, said descendants taking the share the parent would have taken if living, provided that, on the death of a son leaving a wife surviving him, that, before any such distribution, one-fifth part of said proceeds of property devised to him for life shall be paid to said wife for her own use and benefit."

It will be observed that the plaintiffs, by the language of the will, they being grandchildren of testator, are given their respective shares in the proceeds of the lands when sold, the executors having a power of sale in trust for the purpose of distribution. Under such circumstances, the plaintiffs, no matter where the title to the real estate may be at any time after the death of testator, have no interest whatever given them by the terms of the will in the land itself as land. It was the manifest intention of the testator that the beneficiaries should have their respective interests in money, and not in land; and the question of where the legal title to the land may be in the mean while cannot affect their rights, as long as they have no present right to require the executors to convert the said real property into personalty. The position and the rights of the plaintiffs under testator's will are well stated in Meakings v. Crom-

well, 5 N. Y. 138, wherein the court of appeals says, quoting from the vice chancellor, Sir John Leach, in the case of Smith v. Claxton, 4 Madd. 492:

"A devisor may give to his devisee either land, or the price of land, at his pleasure, and the devisee must receive it in the quality in which it is given, and cannot intercept the purpose of the devisor. 'Where a devisor directs his land to be sold, and the produce divided between A. and B., the obvious purpose of the testator is, that there shall be a sale for the convenience of division; and A. and B. take their several interests as money, and not land. So, if A. dies in the lifetime of the devisor, and the heir stands in his place, the purpose of the devisor that there shall be a sale for the convenience of division, still applies to the case, and the heir will take the share of it, as A. would have taken it, as money and not land.' * * * By the settled doctrine of equitable conversion, the testator gives money and not land, * * * and the gift is, for all substantial purposes, a legacy."

In the leading case of Bogert v. Hertell, 4 Hill, 492, much light is thrown on the rights of the parties in this action. In that case it was held that there was an equitable conversion of realty into personalty; yet the position was taken by the court below that notwithstanding the power given by the will to sell and dispose of the real estate, and convert the mass into money, when so converted it still was to be regarded as land, subject to the rules and principles governing the disposing of real estate, and that the executors, having no control over the lands, could not control the proceeds thereof. The court of appeals says:

"It is said by the court below to be an established rule, in the doctrine of equitable conversion of real into personal property, that where the devisor directs the conversion for a particular specified purpose, and not absolutely, to all intents and purposes, or 'out and out,' as the phrase is, courts are bound still to regard the estate as land, and that no part of the mass thus converted has impressed upon it the character of personalty. Now, I think the authorities demonstrate that where the devisor has directed or authorized the conversion of his real estate even for a particular special purpose, such as distribution, courts are bound, as long as the purpose and object exist and continue, to regard it as of that species of property into which it was directed to be converted; and, to the extent and for the purpose declared, it is to be treated as money, and not land. This will be found to be the uniform language of all the cases on the subject. If the purpose and object of the conversion fail altogether, or in part, then the whole estate, in the one case, and the part, in the other, is regarded as an estate or interest undisposed of by the will; and as the devisor, in the event happening, has made no disposition of the estate, it takes the direction given to it by law, independently of the will, and goes to the heir at law. But in the latter case, where there is only a partial failure, if the purposes of the will still require a sale or conversion, the heir takes the part thus undisposed of as money, and not as land; and, on his death, it will go to his personal representatives. * * * The law regards the property, for all the purposes of the will, in the state and condition of real or personal, exactly according to the character impressed upon it by the manifestation of the testator's intent."

In Fisher v. Banta, 66 N. Y. 468, wherein the court held the will to have made an equitable conversion of realty into personalty, the court says:

"From the moment of the testator's death, the conversion took place, and the land became money for all purposes of distribution. The impression of money was fixed upon it; and the sons took their interest in the converted property as legatees, and upon their death, before actual sale, it would pass to their personal representatives."

It follows from these authorities that the interest of plaintiffs in the property is that of legatees in the proceeds of the land to be sold, and not in the land as land. Appellants cite in vain 1 Rev. St. p. 729, § 56, as establishing any rights in them under the will of testator in the property as land. The statute provides that:

"A devise of lands to executors or other trustees, to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees; but the trust shall be valid as a power, and the lands shall descend to the heirs, or pass to the devisees of the testator, subject to the execution of the power."

The difficulty with appellants, under this statute, is that they are neither the heirs nor the devisees of testator. Their mother is living, and, so long as she lives, they cannot be said to be heirs of their grandfather. Nor are they devisees of the testator in the sense indicated by the statute cited. There is no devise under the terms of the will to them of the land in question. They are legatees of certain proceeds first to be realized from a sale under the power granted the executors for the purpose of distribution. The provision of the statute as to devisees undoubtedly has reference to devisees of land as land, followed by a naked power in trust to the executors to sell. In such a case the devisees could defeat the power of sale by a prior conveyance of their interest; but it would be absurd to claim that the plaintiffs in this action, by a deed made at the present time, could defeat the power of sale of the executors, the plaintiffs having neither an interest in the land as land, nor a power of disposition thereof. Under section 56, p. 729, 1 Rev. St., it may be that the legal title to the property in suit is in the heirs of testator, but plaintiffs certainly do not answer that description, and could not so hold or claim any interest therein; hence a discussion of the rights of the heirs would be immaterial. It follows that the judgment should be affirmed, with costs to respondents. All concur.