(70 Misc. Rep. 139, 415.)

### BELLINGER v. TAYLOR et al.

(Supreme Court, Special Term, Saratoga County.   December 28, 1910.)

1. PARTITION (§ 48*)—PARTIES.
   Where the surviving husband, who owned an undivided one-half of the premises, and the beneficiaries under the will of his deceased wife, who had owned the other undivided half, were parties to a judicial settlement of accounts, in which the will was construed to give the husband a life estate in the undivided half of his wife's estate and to create an equitable conversion with power in the executor to sell after the husband's death, the beneficiaries were not proper parties to an action by the husband for partition.
   [Ed. Note.—For other cases, see Partition, Dec. Dig. § 48.*]

2. PARTITION (§ 13*)—TENANTS IN COMMON—JOINT TENANTS.
   Under Code Civ. Proc. § 1532, providing that, where two or more persons hold and are in possession of realty as joint tenants or as tenants

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in common, any one of them may sue for partition, an owner of an undivided half in the premises may not maintain partition against the executor of the deceased owner of the other undivided half, where the will creates no trust in the executor, but gives him a general power in trust to sell without giving him any possession, actual or constructive, because he is not a tenant in common with the owner.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

3. PARTITION (§ 13*)—TENANTS IN COMMON—JOINT TENANTS.

A tenant working a farm is not a tenant in common with the owner of an undivided half thereof, and the latter may not sue the former for partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

Action by Peter Bellinger against Mary W. Taylor and others. Complaint dismissed.

Irving W. Wiswall, for plaintiff.
Butler & Kilmer, for defendant legatees.
Slade, Harrington & Goldsmith, for defendant executors.

VAN KIRK, J. This is an action brought for a partition of certain farm premises situated in the county of Saratoga, state of New York. The amended complaint is in the usual form in partition. The defendant legatees and the defendant executors have answered separately. Each demand a dismissal of the complaint with costs. Defendant Hovey has not answered.

The case comes before the court upon stipulated facts, among which are the following: That from September, 1860, to the time of the death of Caroline Bellinger in 1895, the plaintiff, Peter Bellinger, and Caroline Bellinger were each seised in fee simple of an undivided one-half of said premises, meaning the premises described in the complaint. That Caroline Bellinger died in 1895, leaving a last will and testament which has been duly admitted to probate in Saratoga county, and letters testamentary were issued to William R. Waterbury and Charles G. Slade, who qualified and are still acting as such executors. That on the 12th day of January, 1898, a decree was duly made by the surrogate of Saratoga county in the settlement of the accounts of the executors, which was duly entered February 18, 1898. That the defendants Mary W. Taylor, William R. Waterbury, Norma Rose Waterbury, and Howard Ernest Waterbury are the residuary legatees named in said will. That the defendant Louisa Waterbury is the wife of William R. Waterbury, the defendant Esther Waterbury is the wife of Howard Ernest Waterbury, and Edward Hovey is a tenant working said farm. The parties own no other real estate as tenants in common, and are all of full age. There are no general or specific liens upon the premises. That more than three years have elapsed since letters were issued. Upon the death of Caroline Bellinger, plaintiff entered into possession of the premises and has remained in possession since. In the decree are the following provisions, among others: The will of said deceased is construed to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

make an equitable conversion of the real property of which said Caroline Bellinger died seised; that said William R. Waterbury and Charles G. Slade, as such executors of the last will and testament of Caroline Bellinger, deceased, have the power and authority to sell and convey the real property of which said Caroline Bellinger died seised; that "Peter Bellinger, the husband of said testatrix, is entitled to the use, rents, and profits of all the net real and personal property of which said Caroline Bellinger died seised and possessed during his natural life; that, in case said executors, during the life of said Peter Bellinger, shall be compelled to advance insurance premiums and taxes for the purpose of preserving said property of said deceased, the amount so advanced, with interest, from the time of said advancement, shall be deducted from the gross amount realized from said real property before division thereof." And, in the summary statement of the account, the one-half interest in the farm in the town of Milton is charged to the executors as if already converted into money; the value being fixed at $3,000. There can be no actual partition of the premises.

The plaintiff and the defendants, except Hovey, were parties to the judicial settlement of the accounts in which the will was construed. There has been no appeal from the decree of the surrogate; it is not questioned here and remains as a binding determination between the parties. Under the will there was an equitable conversion of the real estate, and a power of sale to give deeds and conveyances was given to the executors. The power of sale, however, was not to be exercised until the death of the life tenant, the plaintiff. This is made evident by two provisions of the decree above quoted: (1) In which a life estate in the real property is given to the plaintiff, and (2) in which any disbursements by the executors for insurance or taxes during the life of the plaintiff shall be repaid from the gross amount realized from the sale of the real property.

The defendant legatees move to dismiss the complaint on the ground that they are not necessary or proper parties to the action. The defendant legatees are not devisees of any interest in the real estate; they take no interest therein, and they are not necessary or proper parties defendant in the action. Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498; Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741. The complaint, therefore, must be dismissed as against these defendants, with costs against the plaintiff.

The defendant executors ask a dismissal of the complaint on the ground that the plaintiff cannot maintain this action against the defendant executors, said executors not being tenants in common or joint tenants with the plaintiff, with right of actual or constructive possession. In paragraph 1532 of the Code we find the provision setting forth when an action for partition may be brought, and it is necessary that there should be two or more persons who hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance for life or for years. Side v. Brenneman, 7 App. Div. 276, 40 N. Y. Supp. 3. "To maintain an action for partition of lands, the plaintiff must at the time of the commencement of the action have an actual or con-

structive possession in common with the defendants of the lands." Florence v. Hopkins, 46 N. Y. 184. There is no valid trust created in this will. The executors have a general power in trust to sell the land, but have not title in said real estate. Moncrief v. Ross, 50 N. Y. 435, 436; Salisbury v. Slade, 160 N. Y. 290, 54 N. E. 741. They have no possession, actual or constructive, of the premises, and are not tenants in common with the plaintiff. For all of the purposes under the will, the one-half of the real estate of which Caroline Bellinger died seised is to be treated as personal property. The will has been construed to mean that a sale shall not take place until the death of the plaintiff; he having the life use of the real estate. He has not complained of this construction of the will made by the surrogate; he owns an undivided half interest in the farm, and he owns a life estate in the half interest that belonged to Caroline Bellinger. The executors could not maintain an action to oust him of this life use. Without the consent of the life tenant, the half interest of Caroline Bellinger could not be sold free of his life estate. In Salisbury v. Slade, 160 N. Y. 290, 54 N. E. 743, the court said:

"The naked fee of the land, as it could not remain in suspension, was vested in the trustee and testator's three sons for the purpose of carrying out in fact that conversion which the law already regarded as equitably accomplished. The real estate, as such, could not be dealt with for any other purpose."

In that case (in which, it is noticed, was a valid trust) it was held that there was an equitable conversion of the real estate, and the court said:

"At the moment of testator's death, in legal contemplation, the land became personalty."

Moncrief v. Ross, 50 N. Y. 431, is a case in which it is stated in the headnote that there was an equitable conversion of the real estate but no trust, the executors having a power of sale; and it was held that the will gave the executors no title to the real estate or right to receive the rents and profits. In the opinion, on page 436, the court said:

"But by the seventh clause a sale was directed to be made immediately after the death of the mother. This direction was absolute and performance of the duty would have been enforced in equity. The execution of the power was not made dependent upon any contingency or the exercise of any discretion by the donee. Hence, by the power, the land was equitably converted into money from the time the sale was directed to be made, and will be so regarded thereafter in equity for all purposes. This is upon the principle that equity regards as done what ought to be done."

Defendant Hovey is not a tenant in common with plaintiff.

The complaint therefore must be dismissed as against the executors, with costs against the plaintiff.

Findings and decision may be prepared accordingly.