### McWHIRTER v. BOWEN et al.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. RESULTING TRUST—SUIT FOR DECLARATION—PLEADING—JUDGMENT.

In a suit by one of several signers of a creditors' agreement, to have another signer declared trustee in a resulting trust because of his dealings with the debtor's property, a third signer, made a defendant, was entitled to relief, though he had not answered, and plaintiff had sued in his own behalf; plaintiff having set forth such defendants' rights and prayed for relief for him.

2. SAME—JUDGMENT—COSTS.

It was error, on an interlocutory judgment ordering an accounting, to enter costs and an allowance.

Appeal from Special Term, New York County.

Action by William H. McWhirter against Abner T. Bowen and others. From an interlocutory judgment ordering an accounting, defendant Bowen and certain other defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry B. Johnson, for appellants.
James M. Fisk, for respondent.

O'BRIEN, J.   The action was brought to enforce claims against certain real property.   After a trial the Special Term (76 N. Y. Supp. 908) directed the entry of an interlocutory judgment in favor of the plaintiff and the defendant Eisert, together with costs and an allowance, and from such interlocutory judgment this appeal is taken.

Upon the merits we think the judgment right.   In reaching this conclusion we have not overlooked the contention, which we regard as untenable, that because the defendant Eisert did not answer the court was without power to grant him any relief.   It is true that in form the plaintiff sues in his own behalf and not for himself and others; but the complaint sets forth not alone the plaintiff's rights in the property under the agreement, but also the rights of the defendant Eisert.   And in the prayer for relief the plaintiff demands judgment in Eisert's favor as well as in his own.   Since the issue was tendered, therefore, whether the plaintiff and Eisert had any rights under the agreement, and the plaintiff was prepared not alone to sustain his own interests, but those of Eisert, there was no necessity for the latter to interpose an answer or to ask for any additional relief, because, if the plaintiff was successful (as it has turned out he has been), Eisert would obtain (as this judgment directs) all the rights to which he was entitled.

One criticism, however, with respect to the form of the judgment, is, we think, well founded, namely, that it was premature in a suit of this kind to insert costs and an allowance in the interlocutory judgment.   These provisions should be eliminated, but without prejudice to an application for the insertion of an allowance, together with costs, in the final judgment.   The interlocutory judgment should accordingly be modified in the manner indicated, and as so modified affirmed, with costs.   All concur.