### McWHIRTER v. BOWEN et al.

(Supreme Court, Appellate Division, First Department.  April 7, 1905.)

1. NEW TRIAL—POWER TO HEAR MOTION.

A motion for a new trial on the ground of surprise, mistake, inadvertence, excusable neglect, and irregularities in the judgment cannot be granted by a justice other than the one who rendered the judgment.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 234–236.]

2. JUDGMENT—PARTIES—RIGHT TO RELIEF.

Plaintiff sued to impress a trust on real estate purchased by one of the defendants pursuant to an agreement between himself, the other defendants, and plaintiff. Plaintiff alleged that one of the defendants was entitled to a certain interest in the property, and asked for certain relief for this defendant, but he did not answer or seek any relief. Judgment was entered establishing the trust, and directing a conveyance to plaintiff of an undivided interest in the property, and a reference to determine the amounts due the parties. The defendant who did not answer did not appear at the reference, and the referee made no finding as to his interest in the property. *Held*, that a judgment declaring this defendant entitled to a certain undivided interest was unauthorized.

Appeal from Trial Term, New York County.

Action by William McWhirter against Abner T. Bowen and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants Bowen and Busey appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Johnson, for appellants.
Jas. M. Fisk, for respondent.

PATTERSON, J.  The defendants Bowen and Busey appeal from a final judgment entered in this action, and, in their notice of appeal, state that they intend to bring up for review an intermediate order made therein.  By that order a motion for a new trial on the ground

of surprise, mistake, inadvertence, and excusable neglect, and for relief for alleged irregularities in the final judgment, was denied. The final judgment was made by one justice of the court, and the motion was brought on to be heard before another justice. The justice by whom it was heard regarded the application as "an appeal from one Special Term judge to another, and to substitute the judicial action of the latter for that of the former, which may not be done. Platt v. Railway Co., 170 N. Y. 451–458, 63 N. E. 532." So far as the motion was based on the ground of surprise, the learned judge held that nothing was indicated beyond the moving party's surprise with an adverse decision. The views of both grounds of the motion entertained by the learned judge are correct, and his order should be affirmed.

The appeal from the final judgment raises the question, not of its regularity, but of the authority of the court, in view of antecedent procedure and of the state of the record, to direct it. The action was brought by McWhirter to impress a trust upon certain real estate purchased by the defendant Bowen on a foreclosure sale of a junior mortgage amounting to $15,000. The property was subject to two other prior mortgages—one for $165,000, and another for $30,000. Bowen did not take the title in his own name, but in that of the defendant Samuel T. Busey. It was claimed that Bowen purchased the property for the benefit of the plaintiff and others under an agreement in writing made between Alwin Eisert, William H. McWhirter, Mary E. Busey, Abner T. Bowen, and William H. Busey, and a subsequent agreement between the same parties, and that Samuel T. Busey held the title subject to a trust obligation. The defendant Eisert did not answer in the action. The other defendants did answer. After the trial at Special Term an interlocutory judgment was entered, in which it was adjudged that the defendant Bowen purchased the property at the foreclosure sale for the plaintiff, McWhirter, and for the other parties to the agreements referred to, and that any of the acts done or performed by him in connection with the care, management and possession of the premises described in the complaint, and on a sale thereof (the actual purchaser of the premises acting as trustee for the plaintiff and the other parties), were done with the wrongful intent of depriving the plaintiff of such beneficial interest in the fee of the premises and the income therefrom as he was entitled to under the agreements aforesaid. It was also adjudged by the interlocutory judgment that the defendants Busey execute, acknowledge, and deliver a deed to Bowen, and, if they failed to do so, that the sheriff of the county of New York should deliver a deed of the premises, "in the form and manner herein directed, for and on behalf of said defendants Samuel T. Busey and Mary E. Busey, to Abner T. Bowen," in order that the title might be effectually divested from the defendants Busey. The conveyance was to be subject to liens of mortgages against the said premises aggregating $165,000 and interest, and, when the deed was so executed and delivered to Bowen, the title thus conveyed to him should be held by him for the uses and purposes further stated in the decree. It was then further ordered and adjudged and decreed that, upon the delivery of the deed to Bowen, he (Bowen)

should be deemed to hold the premises as aforesaid for the benefit of the other parties to the agreement, and that the defendant Bowen should thereupon execute, acknowledge, and deliver to McWhirter a deed in the form provided by law, conveying and assuring to Mc-Whirter, his heirs and assigns, a certain equal undivided interest in the described premises, upon the plaintiff paying to the defendant Bowen a proportion of the principal sum of the $15,000 mortgage and interest thereon which Bowen had paid, a certain proportion of the principal sum of $3,500, the amount of a mortgage held by the defendant Eisert, and such interest thereon as may have been actually paid by Bowen, and the principal sum of $18,000, the amount of another mortgage, less a certain amount to which the defendant Bowen was adjudged entitled. It was then further ordered, adjudged, and decreed that the defendants Bowen and Samuel T. Busey account to the plaintiff for all moneys received by them on account of rents, income, and profits for all moneys by either paid on account of the premises, and the defendants Bowen and Busey be jointly and severally liable to the plaintiff for his proportion of such rents; and a reference was ordered to take the accounts of such defendants, and the referee was empowered to hear, determine, and report the same, and he was authorized to take proof and determine the several amounts payable, under the terms of the decree, by the plaintiff to the defendant Bowen; to hear and determine any and all questions which might arise upon the accounts of the defendant Bowen and Busey as to the sum the plaintiff may be entitled to receive or pay as a condition precedent to the execution and delivery of the deed to, and interest in, the described premises. It was further adjudged and decreed that McWhirter recover of the defendants Abner T. Bowen and Samuel T. Busey and Mary E. Busey certain costs. An appeal was taken to the Appellate Division from this interlocutory decree, and it was affirmed, with a slight modification as to costs and extra allowance. 82 App. Div. 144, 81 N. Y. Supp. 747.

As before remarked, Eisert did not answer the complaint. In deciding the appeal from the interlocutory judgment, the court was of opinion that although it was true that, in form, the plaintiff sued in his own behalf, and not for himself and others, nevertheless the complaint sets forth not alone the plaintiff's rights in the property under the agreement, but also the rights of the defendant Eisert, a party to the agreement. In the prayer for relief the plaintiff demands judgment in Eisert's favor as well as in his own. The opinion then proceeds to state:

"Since the issue was tendered, therefore, whether the plaintiff and Eisert had any rights under the agreement, and the plaintiff was prepared not alone to sustain his own interests, but those of Eiser, there was no necessity for the latter to interpose an answer or to ask for any additional relief, because, if the plaintiff was successful, as it turned out he has been, Eisert would obtain, as this judgment directs, all the rights to which he is entitled."

It is therefore indicated by this opinion that all Eisert's rights, such as they were, might be wrought out through his trustee, McWhirter. The order entered upon the decision of the appeal from the interlocutory judgment recites that it adjudges that the plaintiff and respond-

92 N.Y.S.—66

ent, McWhirter, and the defendant Alwin Eisert, are severally entitled to interests in fee to and in certain real property, and, declaring such interests, directs a reconveyance of the fee of said property, and orders an accounting to be had before a referee, and, further, that the said interlocutory judgment be modified by eliminating therefrom the award for costs and an allowance to the plaintiff, but without prejudice at the proper time to make another application for costs in the final judgment, "and, as so modified, said interlocutory judgment is hereby affirmed, with costs."

Turning back to the interlocutory judgment thus affirmed, we find no mention made of the interest of Alwin Eisert, except the reference to the $3,500 mortgage. Nor is there any requirement that the referee should state the account of Alwin Eisert, or determine what, if any, amount was due him, or what, if any, fractional interest he was entitled to in the premises. Nor is there any direction in the interlocutory judgment that the defendant Bowen, upon receiving a deed of the premises, should convey any portion thereof to Eisert. Eisert did not appear on the reference, nor was there anything shown before the referee concerning the account between the defendant Eisert and the defendant Bowen—very likely, for the reason that it was not directed in the interlocutory judgment. It appears in the record that the defendant Eisert had released his claim to or interest in the property, or the lien thereon. Certainly, if he did execute such a release, no claim could be established by him, either by his acting independently, or through McWhirter as his trustee. The referee, in his report, does not consider or pass upon Eisert's right; but the final judgment, as entered, adjudges that the plaintiff and Eisert are severally and respectively entitled to receive an undivided interest in the described premises; that Eisert should pay his proportionate share of certain stated sums; and then the final judgment provides that a deed shall be given to Eisert of a portion of the premises upon payment of a certain sum of money, as to which, as said before, no account whatever was taken.

We cannot find through the whole of the record anything which justifies this final judgment with respect to Eisert. The interlocutory judgment does not provide for an accounting to determine either the amount to be paid to Eisert or to be received by him, nor is there anything in that decree fixing his proportionate interest, or determining to what mortgage or mortgages that proportionate interest should be subject.

Construing the interlocutory judgment, and taking into consideration the proceedings had thereunder, we are of the opinion that the court had no authority to pass upon and determine what Eisert's interest, if any, was, and that the final judgment should be modified by striking therefrom all that is contained in the final judgment, as it appears in the record, beginning with the words, "and the said Appellate Division," at folio 1918 of said record, and ending with the words, "decision and order," at folio 1919 of said record, and inserting the word "and" before the word "judgment," and changing the word "was" to "having been"; and also by striking therefrom, at folio 1930, "and the defendant Alwin Eisert are, respectively," and insert-

ing instead thereof "that the plaintiff, William H. McWhirter, is entitled"; and by striking therefrom at folio 1931 the words "that the defendant Alwin Eisert's claim is fixed at $21,050"; and by striking therefrom at folio 1935 the seventh paragraph; and by striking out the ninth paragraph as it appears at folio 1939; and by striking from the tenth paragraph of the judgment the provision with respect to Alwin Eisert being entitled, on delivery of a deed, to the free use and enjoyment and possession, conjointly with others, of an undivided interest in the premises.

As thus modified, the judgment is affirmed, with costs to the appellant. All concur.

INGRAHAM, J. I concur with Mr. Justice PATTERSON. Under the interlocutory judgment, as the plaintiff sued on his own behalf and those similarly situated, any one interested with him in the property could have come in and proved his claim before the referee named therein, and, having thus appealed in the action, might have been entitled to take advantage of the interlocutory judgment. The defendant Eisert neither appeared in the action, nor did he come in under the interlocutory judgment and present to the referee his claim to an interest in the property; and thus, having failed to appear to protect his interest, he was not entitled to any relief by the final judgment.