WILLIAM H. McWHIRTER, Respondent, *v.* ABNER T. BOWEN and Others, Appellants, Impleaded with ALWIN EISERT and DIME SAVINGS BANK OF BROOKLYN.

*Action to enforce claims against real property — where the plaintiff asks relief for a defendant as well as himself the interlocutory judgment may so provide, although the defendant does not answer — costs not inserted in the interlocutory judgment.*

Where the plaintiff in an action brought to enforce claims against certain real property, although suing in his own behalf, sets forth not only his rights in the property, but also the rights of one of the defendants therein, and, in his prayer for relief, demands judgment in such defendant's favor, as well as in his own, the interlocutory judgment may, if the plaintiff establishes his contention, grant relief to the defendant in question, although the latter did not interpose an answer.

In such a case the insertion of costs and of an allowance in the interlocutory judgment is premature. These matters should be reserved for insertion in the final judgment.

APPEAL by the defendants, Abner T. Bowen and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, decreeing that the plaintiff is entitled to an interest in fee in certain real property in the county of New York, and directing a reconveyance of said property to the defendant Abner T. Bowen to be held by him in trust for the benefit of the plaintiff.

*Henry B. Johnson*, for the appellants.

*James M. Fisk*, for the respondent.

O'BRIEN, J. :

The action was brought to enforce claims against certain real property. After a trial the Special Term directed the entry of an interlocutory judgment in favor of the plaintiff and the defendant Eisert together, with costs and an allowance, and from such interlocutory judgment this appeal is taken.

Upon the merits we think the judgment right. In reaching this conclusion we have not overlooked the contention which we regard as untenable, that because the defendant Eisert did not answer, the

court was without power to grant him any relief. It is true that in form the plaintiff sues in his own behalf and not for himself and others; but the complaint sets forth, not alone the plaintiff's rights in the property under the agreement, but also the rights of the defendant Eisert. And in the prayer for relief the plaintiff demands judgment in Eisert's favor as well as in his own. Since the issue was tendered, therefore, whether the plaintiff and Eisert had any rights under the agreement and the plaintiff was prepared not alone to sustain his own interests but those of Eisert, there was no necessity for the latter to interpose an answer or to ask for any additional relief, because, if the plaintiff was successful (as it has turned out he has been), Eisert would obtain (as this judgment directs) all the rights to which he was entitled.

One criticism, however, with respect to the form of the judgment is, we think, well founded, namely, that it was premature in a suit of this kind to insert costs and an allowance in the interlocutory judgment. These provisions should be eliminated, but without prejudice to an application for the insertion of an allowance together with costs, in the final judgment. The interlocutory judgment should accordingly be modified in the manner indicated, and as so modified affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment modified as directed in opinion, and as so modified affirmed, with costs. ·