Van Brunt, P. J., Patterson, McLaughlin and Laughlin, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

William H. McWhirter, Respondent, *v.* Abner T. Bowen and Others, Appellants, Impleaded with Alwin Eisert, Respondent, and Dime Savings Bank of Brooklyn, Defendant.

*Final judgment in an action to impress a trust on real property — when not sustained in favor of a party defendant who has not answered and as to whose interest the interlocutory judgment has not directed an accounting.*

In the prayer for relief in the complaint in an action to impress a trust upon certain real estate, purchased by one of the defendants upon a foreclosure sale, the plaintiff demanded judgment in favor of himself and of a defendant named Eisert, who, however, interposed no answer.

An interlocutory judgment was rendered in the action adjudging that Eisert, along with others, was entitled to an interest in fee in the premises, directing a reconveyance of the fee and ordering an accounting before a referee.

The interlocutory judgment did not provide for an accounting to determine the amount to be paid to or received by Eisert, nor did it fix his proportionate interest in the property, or determine to what mortgages such interest was subject.

Eisert did not appear on the reference, nor was any account of his shown before the referee, and it appeared that he had released his claim, interest or lien in the property. The referee in his report did not consider or pass on Eisert's rights, but the final judgment gave him an undivided interest in the premises and made other provisions as to him.

*Held,* that the final judgment with respect to Eisert was not sustained by the record, and that the court had no authority, under the circumstances, to pass upon and determine his interest.

APPEAL by the defendants, Abner T. Bowen and others, from a final judgment of the Supreme Court in favor of the plaintiff and the defendant Alwin Eisert, entered in the office of the clerk of the county of New York on the 20th day of April, 1904, confirming the report of a referee, which final judgment was made pursuant to an interlocutory judgment entered in said clerk's office on the 23d day of June, 1902, upon the decision of the court, which among other things appointed the said referee, with notice of an intention to bring up for review upon such appeal an intermediate order entered in said clerk's office on the 19th day of April, 1904.

*Henry B. Johnson*, for the appellants.

*James M. Fisk*, for the respondents.

PATTERSON, J. :

The defendants Bowen and Busey appeal from a final judgment entered in this action and in their notice of appeal state that they intend to bring up for review an intermediate order made therein. By that order a motion for a new trial on the ground of surprise, mistake, inadvertence and excusable neglect and for relief for alleged irregularities in the final judgment was denied. The final judgment was made by one justice of the court and the motion was brought on to be heard before another justice. The justice by whom it was heard regarded the application as " an appeal from one Special Term Judge to another and to substitute the judicial action of the latter for that of the former, which may not be done. (*Platt* v. *Ry. Co.*,* 170 N. Y. 451–458.) " So far as the motion was based on the ground of surprise, the learned judge held that nothing was indicated beyond the moving party's surprise with an adverse decision. The views of both grounds of the motion entertained by the learned judge are correct and his order should be affirmed.

The appeal from the final judgment raises the question not of its regularity but of the authority of the court, in view of antecedent procedure and of the state of the record, to direct it. The action was brought by McWhirter to impress a trust upon certain real estate purchased by the defendant Bowen on a foreclosure sale

* *Platt* v. *N. Y. & Sea Beach R. Co.*

of a junior mortgage amounting to $15,000. The property was subject to two other prior mortgages, one for $165,000 and the other for $30,000. Bowen did not take the title in his own name, but in that of the defendant Samuel T. Busey. It was claimed that Bowen purchased the property for the benefit of the plaintiff and others under an agreement in writing made between Alwin Eisert, William H. McWhirter, Mary E. Busey, Abner T. Bowen and William H. Busey, and a subsequent agreement between the same parties, and that Samuel T. Busey held the title subject to a trust obligation. The defendant Eisert did not answer in the action. The other defendants did answer. After the trial at Special Term an interlocutory judgment was entered in which it was adjudged that the defendant Bowen purchased the property at the foreclosure sale for the plaintiff McWhirter and for the other parties to the agreements referred to, and that any of the acts done or performed by him in connection with the care, management and possession of the premises described in the complaint and on a sale thereof (the actual purchaser of the premises acting as trustee for the plaintiff and the other parties) were done with the wrongful intent of depriving the plaintiff of such beneficial interest in the fee of the premises and the income therefrom as he was entitled to under the agreements aforesaid. It was also adjudged by the interlocutory judgment that the defendants Busey execute, acknowledge and deliver a deed to Bowen, and if they failed to do so that the sheriff of the county of New York should deliver a deed of the premises " in the form and manner herein directed * * * for and in behalf of said defendants Samuel T. Busey and Mary E. Busey to Abner T. Bowen," in order that the title might be effectually divested from the defendants Busey. The conveyance was to be subject to liens of mortgages against the said premises aggregating $165,000 and interest, and when the deed was so executed and delivered to Bowen the title thus conveyed to him should be held by him for the uses and purposes further stated in the decree. It was then further ordered and adjudged and decreed that upon the delivery of the deed to Bowen, he (Bowen) should be deemed to hold the premises as aforesaid for the benefit of the other parties to the agreement, and that the defendant Bowen should thereupon execute,

acknowledge and deliver to McWhirter a deed in the form provided by law conveying and assuring to McWhirter, his heirs and assigns, a certain equal undivided interest in the described premises upon the plaintiff paying to the defendant Bowen a proportion of the principal sum of the $15,000 mortgage and interest thereon which Bowen had paid, a certain proportion of the principal sum of $3,500, the amount of a mortgage held by the defendant Eisert and such interest thereon as may have been actually paid by Bowen, and the principal sum of $18,000, the amount of another mortgage, less a certain amount to which the defendant Bowen was adjudged entitled. It was then further ordered, adjudged and decreed that the defendants Bowen and Samuel T. Busey account to the plaintiff for all moneys received by them on account of rents, income and profits for all moneys by either paid on account of the premises, and the defendants Bowen and Busey be jointly and severally liable to the plaintiff for his proportion of such rents, and a reference was ordered to take the accounts of such defendants, and the referee was empowered to hear, determine and report the same, and he was authorized to take proof and determine the several amounts payable under the terms of the decree by the plaintiff to the defendant Bowen, to hear and determine any and all questions which might arise upon the accounts of the defendant Bowen and Busey as to the sum the plaintiff may be entitled to receive or pay as a condition precedent to the execution and delivery of the deed to and interest in the described premises. It was further adjudged and decreed that McWhirter recover of the defendants Abner T. Bowen, Samuel T. Busey and Mary E. Busey certain costs. An appeal was taken to the Appellate Division from this interlocutory decree and it was affirmed with a slight modification as to costs and extra allowance. (82 App. Div. 144.)

As before remarked, Eisert did not answer the complaint. In deciding the appeal from the interlocutory judgment the court was of opinion that although it was true that in form the plaintiff sued in his own behalf and not for himself and others, nevertheless the complaint sets forth not alone the plaintiff's rights in the property under the agreement, but also the rights of the defendant Eisert, a party to the agreement. In the prayer for relief the plaintiff demands judgment in Eisert's favor as well as in his own. The

opinion then proceeds to state : " Since the issue was tendered, therefore, whether the plaintiff and Eisert had any rights under the agreement, and the plaintiff was prepared not alone to sustain his own interests but those of Eisert, there was no necessity for the latter to interpose an answer, or to ask for any additional relief because, if the plaintiff was successful (as it has turned out he has been), Eisert would obtain (as this judgment directs) all the rights to which he was entitled." It is, therefore, indicated by this opinion that all Eisert's rights, such as they were, might be wrought out through his trustee McWhirter. The order entered upon the decision of the appeal from the interlocutory judgment recites that it adjudged that the plaintiff and respondent McWhirter and the defendant Alwin Eisert are severally entitled to interests in fee to and in certain real property and declaring such interests and directs a reconveyance of the fee of said property and orders an accounting to be had before a referee, and further that the said interlocutory judgment be modified by eliminating therefrom the award for costs and an allowance to the plaintiff, but without prejudice at the proper time to make another application for costs in the final judgment, " and as so modified, said interlocutory judgment is hereby affirmed with costs."

Turning back to the interlocutory judgment thus affirmed, we find no mention made of the interest of Alwin Eisert, except the reference to the $3,500 mortgage. Nor is there any requirement that the referee should state the account of Alwin Eisert or determine what, if any, amount was due him, or what, if any, fractional interest he was entitled to in the premises. Nor is there any direction in the interlocutory judgment that the defendant Bowen upon receiving a deed of the premises should convey any portion thereof to Eisert. Eisert did not appear on the reference nor was there anything shown before the referee concerning the account between the defendant Eisert and the defendant Bowen, very likely for the reason that it was not directed in the interlocutory judgment. It appears in the record that the defendant Eisert had released his claim to or interest in the property or the lien thereon. Certainly if he did execute such a release, no claim could be established by him either by his acting independently or through McWhirter as his trustee. The referee in his report does not con-

sider or pass upon Eisert's right, but the final judgment as entered adjudges that the plaintiff and Eisert are severally and respectively entitled to receive an undivided interest in the described premises; that Eisert should pay his proportionate share of certain stated sums and then the final judgment provides that a deed shall be given to Eisert of a portion of the premises upon payment of a certain sum of money, as to which, as said before, no account whatever was taken.

We cannot find through the whole of the record anything which justifies this final judgment with respect to Eisert. The interlocutory judgment does not provide for an accounting to determine either the amount to be paid to Eisert or to be received by him, nor is there anything in that decree fixing his proportionate interest or determining to what mortgage or mortgages that proportionate interest should be subject.

Construing the interlocutory judgment and taking into consideration the proceedings had thereunder, we are of the opinion that the court had no authority to pass upon and determine what Eisert's interest, if any, was and that the final judgment should be modified by striking therefrom all that is contained in the final judgment, as it appears in the record, beginning with the words, " and the said Appellate Division " at folio 1918 of said record, and ending with the words, " decision and order " at folio 1919 of said record, and inserting the word "and" before the word " judgment " and changing the word " was " to " having been ; " and also by striking therefrom at folio 1930, " and the defendant Alwin Eisert are respectively," and inserting instead thereof, " that the plaintiff William H. McWhirter is entitled ; " and by striking therefrom at folio 1931 the provision that the defendant Alwin Eisert's claim is fixed at $21,050; and by striking therefrom at folio 1935 the 7th paragraph ; and by striking out the 9th paragraph as it appears at folio 1939; and by striking from the 10th paragraph of the judgment the provision with respect to Alwin Eisert being entitled, on delivery of a deed, to the free use, enjoyment and possession, conjointly with others, of an undivided interest in the premises.

As thus modified the judgment is affirmed, with costs to the appellant.

VAN BRUNT, P. J., McLAUGHLIN and LAUGHLIN, JJ., concurred.

INGRAHAM, J. (concurring):

I concur with Mr. Justice PATTERSON. Under the interlocutory judgment, as the plaintiff sued on his own behalf and those similarly situated, any one interested with him in the property could have come in and proved his claim before the referee named therein, and having thus appeared in the action, might have been entitled to take advantage of the interlocutory judgment. The defendant Eisert neither appeared in the action nor did he come in under the interlocutory judgment and present to the referee his claim to an interest in the property; and thus having failed to appear to protect his interest, he was not entitled to any relief by the final judgment.

Judgment modified as directed in opinion, and as so modified judgment and order affirmed, with costs to the appellant.