(117 App. Div. 488)

EISERT v. BOWEN et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. TRUSTS—INDIVIDUAL TRANSACTIONS OF TRUSTEE—IMPRESSING TRUST UPON.

The purchase, on foreclosure of certain premises by a creditor acting as trustee for himself and the other creditors of the owner of such premises, impressed a trust upon such property in favor of the trustee's cocreditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 153.]

2. JUDGMENT—RES JUDICATA—PARTIES AFFECTED BY JUDGMENT.

A judgment, in an action by a creditor against a trustee for the benefit of creditors to impress a trust upon certain real estate purchased by defendant on foreclosure sale, was not an adjudication of the rights of a creditor, who made no appearance in such action, though the interlocutory judgment therein directed affirmative relief in his favor, where the relief extended to him by such judgment was reversed by the final judgment, on the ground that as to him there was nothing to support a judgment.

3. RELEASE—SCOPE AND EXTENT—RECITALS.

An instrument, executed by a creditor having a lien against certain real estate, recited certain agreements between himself and other creditors of the same debtor, and especially one as to the proportions in which the proceeds of a certain mortgage was to be distributed. It further recited that the expenses of maintaining certain houses exceeded the rents collected; that a foreclosure sale had taken place under another mortgage from which a surplus had arisen to be applied to the first-mentioned mortgage. The instrument thereupon released the other creditors of all claims and liabilities to the maker. *Held*, that the release had reference only to such claims or liabilities as might have arisen out of the transactions recited in the instrument, and had no reference to a claim to the real estate itself.

4. TRUSTS—PURCHASE OF PROPERTY—REIMBURSEMENT OF TRUSTEE—AMOUNT.

A trustee for the benefit of creditors, who purchased property on foreclosure sale for the benefit of such creditors, was entitled to be reimbursed what he had paid to acquire the property, and not merely so much thereof as was required to satisfy the mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 336.]

Appeal from Special Term, New York County.

Action by Alwin Eisert against Abner T. Bowen and others to have it adjudged that defendant Bowen purchased certain land as trustee for plaintiff and others. From a judgment for plaintiff, defendants appeal. Modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGH-
TON, SCOTT, and LAMBERT, JJ.

Henry B. Johnson, for appellants.
James M. Fisk, for respondent.

SCOTT, J. In the year 1898, one Frank W. Gilbert was the owner
of four apartment houses in the city of New York, which he had just
erected. On October 18, 1898, he mortgaged the houses to the
German Savings Bank for $165,000, and also placed a second mortgage
upon them for $15,000. The latter mortgage was executed to one
Redfield, who assigned it to one Sondheim, and it will hereafter be
spoken of as the Sondheim mortgage. It was agreed to be paid off in
installments commencing in December, 1898. The property mortgaged
was then worth about $245,000. When these mortgages were executed,
Gilbert was indebted as follows: To the plaintiff herein, $21,500; to
William H. McWhirter, $9,656; to Abner T. Bowen, $26,500; to Mary
E. Busey, $27,000; and to William H. Busey, $895—aggregating
$85,201.84. No part of the claims of Abner T. Bowen, Mary E. Busey,
or William H. Busey was secured. Part of plaintiff's claim, to wit,
$3,500 thereof, was represented by an unrecorded mortgage. Mc-
Whirter's claim was for materials furnished and work done, and he was
entitled to a mechanic's lien. Gilbert, as it is said, promised to pay the
claims against him when he should have placed the permanent loan up-
on the property. Instead of doing so, and on October 19th, the day
after he had made the permanent mortgage to the savings bank, he
executed and recorded a mortgage in favor of his mother-in-law, Mary
Hopkins, for $18,000, and, on the following day, October 20th, he
executed and recorded another mortgage to Mrs. Hopkins for $65,000.
All the parties agree that as to the creditors above mentioned these
mortgages were void, and Mrs. Hopkins herself seems to have so con-
sidered them, for she afterwards turned them over to the creditors or
to trustees for their benefit. As soon as these last-mentioned mortgages
had been recorded, the plaintiff, Eisert, placed his $3,500 mortgage on
record, McWhirter filed a mechanic's lien, and all the creditors began
such actions as they were advised to do in order to collect their claims.
The above-named creditors had numerous conferences which resulted
in an agreement between them dated December 3, 1898, whereby they
agreed to act together in the enforcement of their respective claims;
that all amounts realized should be shared pro rata between them in
proportion to their respective claims, except that money received on
account of claims against Mrs. Hopkins should be pro rata only be-
tween Bowen, the Buseys, and Eisert; that certain sums should be ad-
vanced by the parties pro rata to protect the property from foreclosure
or mortgages prior to the liens of the above-named creditors; that, up-
on foreclosure and sale of the property, it should be bought in and sold
for the benefit of all of said creditors, no obligations being implied
thereby for the payment of any sum of money by any party.

Various proceedings were thereafter had which it is unnecessary to
recapitulate here, and on February 8, 1899, a further agreement was
made between the parties reciting that Mrs. Hopkins had caused the
$18,000 mortgage to be assigned in trust for the creditors other than

McWhirter (he assenting), and that the proceeds thereof should be prorated between such creditors (other than McWhirter). McWhirter thereupon discharged his mechanic's lien, and discontinued an action he had brought to have the mortgages declared void. At the same time Abner T. Bowen, as trustee for himself and for the other creditors, and with Gilbert's consent, took possession of the premises, collecting the rents, and paying the necessary expenses. The $18,000 mortgage was assigned to Busey, as trustee for the creditors, and on February 9, 1899, a further agreement was entered into fixing the proportions in which the proceeds of the $18,000 mortgage assigned to Busey should be divided when realized, and it was again agreed that upon any foreclosure sale the property should be bought in, held, managed, and sold for the benefit of all the creditors. It was finally agreed that the property should be sold under the so-called Sondheim mortgage for $15,000, and it was so sold on May 4, 1899. At this sale the property, subject to the first mortgage of $165,000, was purchased for $30,000, nominally by one Samuel T. Busey, the brother-in-law of Abner T. Bowen, and the deed therefor was in due time executed to said Samuel T. Busey. Part of the relief asked for and awarded to plaintiff is that it be declared that the purchase was actually made by Abner T. Bowen, and that he be adjudged to have so purchased it as trustee for plaintiff and the other creditors of said Gilbert.

This precise question, upon practically the same evidence, was decided by this court in a similar action brought by the defendant McWhirter (103 App. Div. 447, 92 N. Y. Supp. 1039), and the judgment that Bowen was the real purchaser has recently been affirmed by the Court of Appeals. It is unnecessary therefore to consider that question further. If Bowen in fact was the purchaser, as he undoubtedly was, the agreements into which he entered with plaintiff and the other creditors impress a trust upon the property in his hands in favor of his co-creditors. It is true, as he now urged, that he had not assumed any obligation to buy the property, inasmuch as it involved the payment of a sum of money, but, having in fact brought, he cannot escape the obligation to hold it as trustee for the creditors. The suggestion that the plaintiff is in some way barred by the judgment in McWhirter's action does not merit extended consideration. It is true that it was held that under the interlocutory judgment Eisert might come in and prove his claim and participate in the benefits of the first judgment. 82 App. Div. 144, 81 N. Y. Supp. 747. He did not take advantage of the opportunity, and the relief extended to him by the final judgment was reversed as to him, because, as to him, there was nothing to support the judgment. 103 App. Div. 447, 92 N. Y. Supp. 1039. He had not appeared in the action, and had not participated in it, and was not bound to do so. The final judgment as modified by this court was not an adjudication upon his rights in any sense.

It is strenuously urged that plaintiff has released all claims against the defendants. He did sign a receipt, which contained words of release, but it did not apply to or affect his present claim to an interest in the property. A surplus of some $9,300 resulted from the sale under the Sondheim mortgage, and this, of course, went towards the satisfaction of the $18,000 mortgage, which was the next lien, and was

held by William H. Busey, as trustee for the creditors other than Mc-Whirter. Bowen, as trustee for the creditors, had collected rents and paid expenses, and he and Busey acted together, representing the same interests. An account was made up of all the receipts and disbursements, including the surplus derived from the foreclosure sale, and the net balance was distributed; Eisert receiving $1,000. He executed the paper set up as a release. This paper recited the previous agreements between the creditors, and, in detail, the agreement as to the proportions in which the proceeds of the $18,000 mortgage was to be distributed; that the expenses of maintaining the houses had exceeded the rents collected; that a foreclosure sale had taken place from which a surplus had arisen to be applied on the $18,000 mortgage. Thereupon, in consideration of the receipt of $1,000, Eisert released and forever discharged Bowen, Mary E. Busey, and William H. Busey from all obligations, liabilities, and claims, either in law or equity, due or owing to him; said payment being declared to be in full settlement and discharge of all obligations of said parties and each of them to him. It is entirely clear that this paper had reference only to such claims or liabilities as might have arisen out of the transactions recited therein, and had no reference whatever to the claim to an interest in the real estate itself, which is the subject of the present action. Jackson v. Stackhouse, 1 Cow. 122, 13 Am. Dec. 514; Nat. Mich. Banking Ass'n v. Conkling, 90 N. Y. 116, 43 Am. Rep. 146.

The so-called release does not therefore stand in plaintiff's way. We are unable to see that any interlocutory decree for any accounting was necessary. The amount of plaintiff's claim is not disputed. All questions concerning Bowen's receipts and disbursements while in possession of the property as trustee for the creditors, and all questions as to the disposition of the surplus moneys were settled and disposed of upon the settlement which resulted in the execution of the release above referred to. There is therefore nothing left to be the subject of an accounting.

In one respect, however, the judgment must be modified. It directs that Samuel T. Busey shall reconvey to Bowen, and that the latter shall be deemed to hold the property as trustee for himself, plaintiff, and the other creditors, and that he shall on demand execute a deed to plaintiff of such an undivided interest in the property as the sum of $21,500 (the amount of plaintiff's claim) bears to $87,371.85 (the aggregate of all the claims), upon receiving from plaintiff a like proportion of the sum of $20,441.64 (the amount paid upon the foreclosure of the Sondheim mortgage). The evidence is that Bowen paid, or procured to be paid, $30,000 upon the sale under the Sondheim mortgage, of which $20,411.64 went to satisfy the foreclosure judgment; the balance constituting the surplus which was accounted for by Bowen and, of which Eisert received and receipted for his proportion. If Bowen is to be held to have purchased the property as trustee for the creditors, he is entitled to be reimbursed what he paid out to acquire it, and that is the sum of $30,000, and not merely so much thereof as went to satisfy the Sondheim mortgage.

The judgment must therefore be so modified as to require plaintiff

to pay to Bowen, upon receipt of a deed, the stated proportion of $30,000, with interest thereon from the date of sale, and as so modified should be affirmed, with costs. All concur.