### ARCHER v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. REMAINDERS (§ 14*)—ESTATE DEVISED—ALIENABLE INTEREST.
    The will gave all of testator's property to his executors, in trust to receive the rents during his wife's life, and to pay one-third thereof to her for life, and the other two-thirds to his three sons in equal proportions during the same time, and at the wife's death to sell the property and divide the proceeds equally between his three sons, unless they elect to hold it, in which event it should be conveyed to them. *Held* that, as to the remainder in property in which testator died seised, one of the sons had an alienable interest therein, whether he took as heir or as devisee.
    [Ed. Note.—For other cases, see Remainders, Dec. Dig. § 14.*]

2. MORTGAGES (§ 27*)—EQUITABLE MORTGAGES.
    Even if there was an equitable conversion of the realty into personalty under the will for the purpose of distribution, the conveyance by testator's son of his interest in the remainder before its sale by the executors under the power of sale would create an equitable mortgage, which would follow the proceeds after the actual conversion of the land on sale by the executors pursuant to the will.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 27.*]

3. CONVERSION (§ 6*)—SALE OF LAND.
    Title to land acquired by executors and testamentary trustees upon foreclosure of a mortgage held by testator, in order to protect the estate, vested in the executors as personalty until an accounting, so that a devisee and heir would have no alienable interest therein.
    [Ed. Note.—For other cases, see Conversion, Dec. Dig. § 6.*]

4. LIENS (§ 22*)—ENFORCEMENT—BURDEN OF PROOF.
    One seeking to enforce a lien upon land, the existence and validity of which is denied, has the burden of establishing both.
    [Ed. Note.—For other cases, see Liens, Dec. Dig. § 22.*]

Appeal from Special Term, Rockland County.

Action by Fannie F. Archer against Margaret Archer, individually and as administratrix, and others. From a judgment for plaintiff, defendants appeal. Affirmed, as modified.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

Harvey DeBaun (A. H. F. Seeger, on the brief), for appellants. Henry Bacon, for respondent.

BURR, J. On May 5, 1881, Michael A. Archer executed his last will and testament, which, among others, contained the following provisions:

"I give, devise and bequeath all my property, real and personal to my executors hereinafter named in trust to receive the rents, issues and profits thereof for and during the lifetime of my wife Clarissa A. Archer, and apply the

---

same to the use of the following persons, as follows: Pay the one-third thereof to my said wife during her lifetime and the other two-thirds thereof to my three sons, Allison M. Archer, Charles D. Archer and George Archer, in equal proportions during the same time. * * * At the death of my said wife, I order and direct my said executors to sell and dispose of my property as soon as they deem it wise and expedient so to do, and divide the proceeds thereof equally between my said three sons, unless they elect then to hold the same; but if they elect and desire to hold the same together then the same shall be conveyed to them by my said executors instead of being sold. * * * I empower my executors to sell and convey my property, real and personal."

Subsequently he died, leaving surviving him his widow, Clarissa, and the said three sons as his only heirs at law. On the 12th day of October, 1881, said will was proved in the Surrogate's Court of Rockland county. On that date letters testamentary were issued to Charles D. Archer and Allison M. Archer, and on the 25th of October, 1882, letters testamentary were also issued to George Archer. George D. Sherwood, nominated as the fourth executor, never qualified. Charles D. Archer, one of said executors, died October 17, 1909. The letters issued to Allison M. Archer were subsequently revoked, and in 1893 he died. At the time when this action was commenced, George Archer was the sole surviving and acting executor under said will. On March 5, 1887, Allison M. Archer executed and delivered to George S. Sherwood his bond, conditioned for the payment of $4,000, and as collateral security therefor executed and delivered a mortgage, by which he granted, bargained, and sold to the said Sherwood:

"All and singular the equal undivided one-third part of the lands, tenements, and hereditaments of which Michael A. Archer, late of Haverstraw, in said county, deceased, died seised, referred to and devised in and by his last will and testament, dated May 5, 1881, and proved in the Surrogate's Court of Rockland county on October 12, 1881, and on the last-named day duly recorded in the office of the surrogate of said county, in Liber O of Wills, at page 285, etc.; also that which has since been acquired by the executors and trustees of said will, and also that which the said Allison M. Archer may be possessed of or entitled to, from whatever source acquired."

By various mesne assignments the said bond and mortgage came into the possession of the plaintiff, and this action is brought for the foreclosure thereof.

At the time of his death Michael A. Archer was seised and possessed of ten separate parcels of real property, situate in the village or town of Haverstraw, which are specifically described in the complaint. As to six other parcels described therein, and likewise situated in said village or town, the court at Special Term found that they had—

"been acquired and purchased by the executors and trustees under the will of Michael A. Archer, deceased, and conveyed to George Archer, the defendant herein, for the uses and purposes mentioned in the said will of said Michael A. Archer, deceased."

The question presented on this appeal by the widow and devisees of Allison M. Archer is whether the said Allison had any estate in the land described in the complaint of an alienable character, so that by the mortgage above referred to he could create a valid lien thereon.

[1] As to the property of which Michael A. Archer died seised, we

think that it is entirely clear that he could. The executors during the lifetime of his widow took only such estate in the land as was necessary to feed the trust. As to the remainder, the title either passed to his devisees, or, if undisposed of, passed to his heirs at law, subject to the execution of the power. Crooke v. County of Kings, 97 N. Y. 421; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389. Whether Allison M. Archer took as devisee under the will a vested estate in the remainder, subject to the execution of the power of sale, or whether he took title thereto as heir at law subject as aforesaid, it is not necessary for us to determine. In either event he had an estate in the land which was alienable.

[2] Conceding that there was an equitable conversion by the terms of the will, so that for purposes of administration and distribution the land is deemed to be personalty, and not realty, still the alienation for a valuable consideration of that which is the subject of such conversion, in which the alienor had an interest, and before the actual sale thereof under the power, would in any event, we think, be sufficient to create an equitable mortgage, which would follow the proceeds after such conversion had actually become effective by sale.

[3] As to the property which was acquired and purchased by the executors and trustees under the will of Michael A. Archer, deceased, and the title to which is now in George Archer, we think that a different rule applies. There is nothing in the will which in express terms authorizes said executors and trustees to acquire and purchase real property for the benefit of the estate. There is no evidence showing how they acquired the same, or for what particular purpose. If it was land upon which in his lifetime the testator had a lien by way of mortgage, and which upon foreclosure the executors were obliged to buy in to protect the lien, the property would still be personal property, the title would vest in the persons named as executors and trustees in their individual capacity until the court disposes of the same, and in an accounting before the surrogate they would be compelled to account for the proceeds of such sale, as though such proceeds had been realized directly upon the foreclosure of the mortgage.

[4] The burden of proof was upon plaintiff, seeking to enforce a lien upon land the existence and validity of which is denied, to establish both. So far as these parcels of land are concerned, it does not appear that Allison M. Archer, or any person through whom he claims, ever had any estate or interest therein.

We think, therefore, that the judgment should be modified, by excepting from the lien of the mortgage and the direction for sale those parcels of land described in the complaint as parcels 11 to 16, inclusive, being those parcels acquired by the executors and trustees of Michael A. Archer subsequent to his death; and, as thus modified, the judgment should be affirmed, without costs. All concur.