(164 App. Div. 81)

### ARCHER et al. v. ARCHER et ux.

(Supreme Court, Appellate Division, Second Department. October 16, 1914.)

1. MORTGAGES (§ 588*)—FORECLOSURE DECREE—RES JUDICATA—MATTERS CONCLUDED.

Where outstanding mortgages executed by a cestui que trust on his interest were purchased by the trustee, but the assignment was made to the trustee's wife, a foreclosure of the mortgages by the wife is a bar to a subsequent suit by the devisees of the cestui to impress a trust on the property for profits derived by the trustee in dealing with the trust property; for, as the complaint alleged that the assignment was duly made, the question whether the assignment to the wife was merely a subterfuge to enable the trustee to acquire an interest adverse to his cestui was then justiciable.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1686; Dec. Dig. § 588.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. **Trusts (§ 283\*)—Trustee—Purchase of Trust Property.**

Where a testator devised his property in trust, one-third of the income to be paid to his wife for life and the residue to his children, and directed his executors upon the wife's death to sell the estate, an executor cannot, during the life of the wife, buy in the interest of one of the beneficiaries sold under execution, even though, under the statutes in force at the time of the creation of the trust, the active trust was to end with the death of the wife, for the duties of the executor were inconsistent with such purchase.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 403, 404; Dec. Dig. § 283.\*]

3. **Trusts (§ 283\*)—Constructive Trust—Election of Remedies.**

Where defendant occupied a position of trust, and improperly bought in the interest of the cestui que trust, the latter may ratify the unauthorized purchase, and hold defendant liable for the value of the property over the amount actually paid, or elect to set aside the sale, reimbursing defendant for the amount actually paid.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 403, 404; Dec. Dig. § 283.\*]

4. **Wills (§ 853\*)—Construction—Interest Devised.**

Where a testator devised lands in trust, with directions to pay one-third of the income to his wife for life and to divide the residue among his three sons, the heirs of one of the sons, who died during the life of the wife, are entitled to two-ninths of the net rents of the land as the persons entitled to the next eventual estate in remainder after the termination of the life estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2169; Dec. Dig. § 853.\*]

Appeal from Special Term, Rockland County.

Action by Margaret Archer, individually and as administratrix of Allison M. Archer, deceased, and others, against George Archer, individually and as executor of Michael A. Archer, deceased, and wife. From a judgment for plaintiffs (143 N. Y. Supp. 101), defendants appeal. Reversed and remanded.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Charles F. Brown, of New York City, for appellants.
Leon R. Jillson, of New York City, for respondents.

BURR, J. Michael A. Archer died August 23, 1881. He left him surviving his widow, Clarissa A. Archer, and three sons, Charles D. Archer, Allison M. Archer, and the above-named defendant, George Archer. He left a last will and testament, which, on October 12, 1881, was duly admitted to probate in Rockland county. It contained these, among other, provisions:

"I give, devise and bequeath all my property, real and personal, to my executors hereinafter named in trust to receive the rents, issues and profits thereof for and during the lifetime of my wife Clarissa A. Archer, and apply the same to the use of the following persons, as follows: Pay the one-third thereof to my said wife during her lifetime and the other two-thirds thereof to my three sons, Allison M. Archer, Charles D. Archer and George Archer, in equal proportions during the same time. * * * At the death of my said wife, I order and direct my said executors to sell and dispose of my property, as soon as they deem it wise and expedient so to do, and divide the proceeds thereof equally between my said three sons, unless they elect then

to hold the same; but if they elect and desire to hold the same together then the same shall be conveyed to them by my said executors instead of being sold. * * * I constitute and appoint my sons Allison M. Archer, Charles D. Archer and George Archer and my friend George S. Sherwood, the executors of this my last will and testament, my son George to qualify as such when he becomes twenty-one years of age."

Clarissa A. Archer is still living. George S. Sherwood never qualified as executor. Allison M. Archer died July 20, 1892, leaving him surviving his widow, the plaintiff Margaret Archer, and four children, the plaintiffs William Watson Archer, Edith K. Archer, Laura Louise Archer, and one Amanda Archer, who subsequently, and before the commencement of this action, died unmarried, intestate, and without issue. He left a last will and testament, duly proved in Rockland county, by which he gave to his executors all his estate, "present, future and expectant," in trust for the use and benefit of his wife during her life, or until her remarriage, with remainder to his children who should then be living, and the children of such as should have died. His widow was, on December 17, 1894, appointed administrator with the will annexed, and is still acting, and has not remarried. On October 17, 1909, Charles D. Archer died. Since that date George Archer has been and now is the sole surviving executor and trustee under the last will of Michael A. Archer. On October 20, 1885, Allison M. Archer, for the purpose of securing to George S. Sherwood payment of the sum of $4,000 and interest, executed and delivered to him his bond for that amount, secured by a mortgage upon—

"the equal undivided one-third part of the lands, tenements and hereditaments of which Michael A. Archer * * * died seised, referred to and devised in and by his last will and testament dated May 5, 1881, and proved in the Surrogate's Court of Rockland county on October 12, 1881."

On January 27, 1887, for the purpose of securing to said Sherwood the payment of an additional sum of $3,000 and interest, he executed and delivered to him a second bond for that amount, secured by a mortgage similar in form, and covering the same property as the mortgage of October 20, 1885, hereinbefore referred to. On July 20, 1887, for the purpose of securing to said Sherwood the payment of an additional sum of $6,000 and interest, he executed and delivered to him still another bond for that amount, secured by a third mortgage similar in form, and covering the same property as the two mortgages hereinbefore referred to. On May 7, 1887, Sherwood assigned the first of said bonds and mortgages to Charles D. Archer and defendant George Archer, who, on December 17, 1900, assigned the same to defendant Fannie F. Archer. On October 7, 1896, Sherwood assigned the second of said bonds and mortgages to the People's Bank of Haverstraw, and on January 13, 1896, he assigned the third of said bonds and mortgages to said bank. On February 1, 1909, the People's Bank assigned both of said bonds and mortgages to Clarissa A. Archer, who, on February 3, 1909, assigned the same to defendant Fannie F. Archer.

Subsequently to the maturity of said mortgages, Fannie F. Archer began two actions in the Supreme Court, one to foreclose the first of

said mortgages, and the other to foreclose the second and third of the mortgages hereinbefore referred to. To these actions the above-named plaintiffs, "Margaret Archer, individually and as administratrix with the will annexed of the estate of Allison M. Archer, deceased, William Watson Archer, Edith K. Archer, Laura Louise Archer," as well as other persons, were named as defendants. Such proceedings were had in said actions that on October 22, 1910, judgments of foreclosure and sale were entered in favor of the plaintiff therein and against the defendants, who are the plaintiffs here. An appeal was taken to this court from said judgments. A stipulation was entered into in the second action that the decision therein should abide the result of the appeal taken in action No. 1, and that appeal was not argued. After argument of the appeal in action No. 1, this court, on November 10, 1911, handed down its decision, upon which, on March 6, 1912, judgment was entered, which modified the judgment appealed from by excepting from the lien of the mortgage, and the direction for a sale under the judgment, certain parcels of land therein described, upon the ground that they formed no part of the land of which Michael A. Archer died seised, and as thus modified said judgment was affirmed. Archer v. Archer, 147 App. Div. 44, 131 N. Y. Supp. 661.

On July 9, 1912, the premises covered by said mortgage and directed to be sold by the judgment in action No. 1, as modified, were offered for sale by the referee named therein, and upon such sale were struck down to defendant George Archer for the sum of $15,575; and on September 7, 1912, said premises were conveyed to him, and he now claims to be the owner thereof. Upon such sale a surplus of about $3,000 arose, which defendant Fannie F. Archer seems to have credited upon the amount due under the judgment in action No. 2, leaving a balance due under said judgment in excess of $18,000.

The court at Special Term has also found that on December 15, 1900, the sheriff of Rockland county, having sold to Clarissa A. Archer, under execution issued upon a judgment recovered by Adolph Goldstein against Allison M. Archer, all his right, title, and interest in the real estate of which Michael A. Archer died seised and possessed, subject to the lien of said three mortgages, conveyed the same to her, and on December 17, 1900, she conveyed the same to Charles D. Archer and George Archer. It has also found that, in so purchasing and conveying such estate in remainder, Clarissa A. Archer—

"acted as the agent or dummy of said George and Charles Archer, who were the real parties in interest throughout the transaction, wholly for their own individual gain or profit."

When Charles D. Archer died, he left a last will and testament, which was duly admitted to probate, by which he gave, devised, and bequeathed to defendant George Archer all his property, both real and personal.

By its decision in this action and the judgment entered thereon, the learned court at Special Term has, first, set aside both the sale to George Archer on July 9, 1912, under the judgment of foreclosure hereinbefore referred to, upon the ground that, because he was then sole sur-

viving executor and trustee of the will of Michael A. Archer, his relation to the subject-matter of said action and to the plaintiffs in this action, who were beneficiaries under said will, was of such a character that he was not permitted to become the purchaser of said premises for his own personal gain and profit and to the possible detriment of the above-named plaintiffs; second, it has held that in the purchase of the three mortgages hereinbefore referred to by Fannie F. Archer she was "acting simply as a dummy, agent, or go-between" of her husband, defendant George Archer, who was the real party in interest, and that such purchase and the subsequent foreclosure of said mortgages, and the subsequent purchase of said property by George Archer, was in violation of his duties as trustee and executor, as aforesaid, and in violation of the rights of the above-named plaintiffs and to their great damage; third, that the purchase by Charles D. Archer and George Archer from Clarissa A. Archer of the estate in remainder of Allison A. Archer under the execution sale against him, was likewise in violation of their duties as executors and trustees; and, finally, that defendant George Archer must hold in trust for said plaintiffs all the property, right, title, and interest covered by the three mortgages above referred to, and the sheriff's deed, subject to the reimbursement of defendant George Archer for the moneys actually paid out by him in the purchase of said three mortgages, the sheriff's deed and interest thereon, and account to them therefor. From such judgment the defendants bring this appeal.

[1] In so far as said judgment affects the validity of the assignments of said three bonds and mortgages to Fannie F. Archer, and the judgments entered for the foreclosure thereof, it is clearly erroneous. Such judgments create an estoppel. The complaints in said actions allege that said assignments were *duly* made, and that the entire amount secured to be paid by said bonds and mortgages was due to the plaintiff therein. These allegations were met by a denial on the part of the present plaintiffs of any knowledge or information sufficient to form a belief respecting the same. The findings in said actions are to the effect that the bonds and mortgages were *duly* assigned to Fannie F. Archer, and that she then was and since has been the owner and holder thereof, and that there was due to her thereon the full face value of said bonds and mortgages, with interest thereon. A judgment of a court of competent jurisdiction is, as a general rule, final, not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause and which they might have had decided. Embury v. Conner, 3 N. Y. 511, 53 Am. Dec. 325; Dunham v. Bower, 77 N. Y. 76, 33 Am. Rep. 570; Pray v. Hegeman, 98 N. Y. 351; C. P. P. & M. Co. v. Walker, 114 N. Y. 7, 20 N. E. 625; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Thorn v. De Breteuil, 179 N. Y. 64, 82, 71 N. E. 470. We think that, under the pleadings in these actions, every fact which is here made the basis of this portion of the relief granted might have been litigated. The judgments in express terms, not only determined the absolute ownership by Fannie F. Archer of said bonds and mortgages, but also the amount due to her thereon, as material facts to the controversy. By such judgments these material facts were

conclusively settled, and cannot thereafter be litigated between the parties to said actions while said judgments remain in force. Kelsey v. Ward, 38 N. Y. 83.

[2] We think that the learned court at Special Term properly held that George Archer was precluded from becoming the purchaser at the sale under execution against Allison M. Archer of his estate in remainder of the property of which Michael A. Archer died seised, and also at the sale under the judgment in foreclosure of the mortgages above referred to. We cannot accept, however, the reason given by such court for so holding. The duration of the "trust term" under Michael A. Archer's will was measured by the life of Clarissa A. Archer. Upon her death no active trust duty will devolve upon George Archer. Archer v. Archer, supra. It is true that there is a direction to him at that time to sell and convert such estate in remainder; but this is not one of the active trusts permitted by the Revised Statutes which were in force when Michael A. Archer's will became operative. It was neither a direction to sell for the purpose of paying legacies, nor to collect rents and profits and apply them to the use of any person during the lifetime of such person. 1 Rev. St. p. 728, § 55, subds. 2, 3. It was, however, a valid power in trust and enforceable as such, the execution of which power devolved upon George Archer. No person, when he has a duty to perform in relation to property which is inconsistent with the character of a purchaser on his own account for his individual use, is permitted to become such purchaser. Terwilliger v. Brown, 44 N. Y. 237; Fulton v. Whitney, 66 N. Y. 548; People v. O. B. of S. B. B. Co., 92 N. Y. 98. This rule is not limited to trustees of an express trust, but extends to every agent occupying a fiduciary relation to his principal. Terwilliger v. Brown, supra.

[3] In the present circumstances plaintiffs have two remedies: They may elect to ratify the unauthorized purchases and to hold the purchaser accountable for the value of the property so purchased by him over and above the amount actually paid by him therefor. This must be, however, without prejudice to the balance remaining due and unpaid upon the second and third mortgages, which are the subject-matter of the foreclosure action hereinbefore referred to, numbered 2. Or, if the plaintiffs so elect, they may have such sales set aside upon reimbursing defendant George Archer for the amounts actually paid by him, and have a new sale of the property, subject to the liens of the said three mortgages, for the entire amount thereof, at which sale said George Archer will be precluded from purchasing. The plaintiffs have not heretofore been placed in a position in which they were called upon to elect as to the relief to be afforded. For that reason, instead of attempting to pronounce final judgment upon the rights of the parties, as perhaps we have the right to do under section 1317 of the Code of Civil Procedure, we have concluded to reverse the judgment appealed from and order a new trial, and to remit the case to the Special Term to proceed thereon in accordance with the terms of this opinion.

[4] It may possibly be important upon the new trial, and for the guidance of the court at Special Term we hold that as to the net rents of the real estate of which Michael A. Archer died seised and possessed, after deducting proper charges for interest, repairs, and ex-

penses of administering the trust, two-ninths of said net rents belong to the plaintiffs, who are the heirs at law of Allison M. Archer, deceased, as the persons entitled to the next eventual estate in remainder after the termination of the life estate therein for the benefit of Clarissa A. Archer. Moncrief v. Ross, 50 N. Y. 431; Morse v. Morse, 85 N. Y. 53.

The judgment appealed from should be reversed upon questions of fact as well as of law, and a new trial granted, costs to abide the final award of costs. All concur.