ADA A. LE PAGE, Plaintiff, *v.* PEARL GOLDSTEIN, Defendant.

Supreme Court, Kings Special Term, July, 1923.

**Executors — real property — cannot convey to themselves indirectly.**

A conveyance by an executor of land belonging to the estate made to himself either directly or indirectly is voidable.

Where property belonging to the estate of a decedent was conveyed by the executrix and the executor to one S. by deed acknowledged by one of the executors on September 25, 1918, and conveyed by S. and wife to the executrix individually by deed dated September 26, 1918, the deed is voidable and plaintiff is entitled to recover the amount paid down on the purchase price, with interest, title expenses and counsel fees.

SUIT for specific performance.

*Dean, King & Smith,* for plaintiff.

*Edward E. Rosenblume,* for defendant.

LEWIS, J. This is an action for specific performance or, in the alternative, to impress a vendee's lien for the amount paid on the purchase price, together with the cost of the examination of title and counsel fees. The chain of title disclosed that the property had been owned by Peter Gorth, who died leaving a will under which his wife, Johanna H. Gorth, and Charles Jerome Cunz were named as executors; that the property was thereafter conveyed by the executors to one Henry Clay Simmons by deed dated July 27, 1918, acknowledged by Charles Jerome Cunz on the day that the deed was dated and by Johanna H. Gorth on September 25, 1918. The deed was recorded in the register's office, Kings county, on March 24, 1920. The recited consideration was $1,500. Henry Clay Simmons and wife reconveyed the property to Johanna H. Gorth (the executrix) individually by deed dated September 26, 1918, acknowledged the same day, the date of the acknowledgment being one day later than the acknowledgment by Johanna H. Gorth, as executrix, on September 25, 1918. The latter deed was recorded on the same day as the deed to Simmons and at the same time, nine-twenty-eight A. M. The property thereafter was conveyed by Johanna H. Gorth to the defendant. That a conveyance by an executor of land belonging to the estate made to himself either directly or indirectly is voidable is well established by authority. *Archer* v. *Archer,* 164 App. Div. 81; *Prentice* v. *Townsend,* 143 id. 151. It is impossible to reach any other inference than that the conveyance by the executors to Simmons and from Simmons to the executrix was one transaction and that the title was voidable.

Judgment is directed for the plaintiff for $1,000, with interest; $148, expenses for the examination of the title, and $100 counsel fee.

Judgment accordingly.