(No. 5501.   November 13, 1930.)

NAMPA INVESTMENT CORPORATION, Appellant, **v.**
DEMMING EXPLORATION COMPANY, Trustees, a
Common Law Trust, CONY T. PAYTON, GEORGE
P. WHITE, WALTER J. LONG, E. A. DRAKE,
WILLIAM L. DeREMER, L. W. MILLS, C. C. NEL-
SON, WILLIAM L. KELLOGG, and JOHN M. BOR-
ROWDALE, as Trustees, Respondents.

[293 Pac. 326.]

F. A. Hagelin and D. L. Rhodes, for Appellant.

Johnson & Nixon and Charles F. Reddoch, for Respondent Long.

GIVENS, C. J.—This is an action to foreclose a trust deed given by the Demming Mines Company to the Nampa Investment Corporation to secure a bond issue of $250,000.

In 1921 the Demming Mines Company was unable to pay the interest on its bonds and other current obligations and as a financing measure a common law trust, the Demming Exploration Company, Trustees, was organized with a capital of $2,000,000. The property of the Demming Mines Company was conveyed to the Demming Exploration Com-

pany and the bondholders of the Mines Company were asked to exchange their bonds for certificates in the new Exploration Company. This was to be done with the understanding that all bonds surrendered for exchange would be held in trust by the trustee until all had been surrendered, when the trust deed would be canceled and the bonds destroyed.

The bonds were due November 1, 1923. Prior to the due date all had been surrendered in exchange for certificates except $15,900. The holders of these bonds were insisting on their money and threatening foreclosure, and Mr. Griggs, a heavy investor in the certificates and the real party in interest here, in order to protect the property, purchased $15,900 of the outstanding bonds with his own funds. He held these bonds for several years. Prior to the beginning of this foreclosure action he caused the other bonds which had been turned in and which were to have been held in trust until *all* the bonds were surrendered to be canceled.

Thereafter, through his attorney, Mr. Griggs on September 2, 1926, made demand on plaintiff as trustee for the bondholders to commence this foreclosure action for the purpose of foreclosing on the bonds in the amount of $15,900 which he had purchased.

The defendant, W. J. Long, answered and asked that plaintiff be enjoined from prosecuting the action or, if it should proceed, that it should be for the benefit of all the bondholders that might join in the action.

Other bondholders intervened to protect their rights. At the trial Long amended his answer by striking out that portion which requested relief for the bondholders. The intervenors thereupon moved that their complaint in intervention be dismissed. The action therefore stands as one in which the Investment Company is seeking to foreclose a trust deed for the benefit of Griggs. The answer of Long merely seeks to prevent such foreclosure.

At the time Griggs purchased the bonds in question he was serving as one of the trustees of the Demming Exploration Company, a common law trust. The entire

bond issue was a superior obligation to the certificates issued by the Exploration Company for which Griggs was acting in a fiduciary capacity. A trustee having entered upon the performance of his trust cannot do anything in derogation of it and certainly cannot destroy it by acquiring in his own right existing obligations superior to his title as trustee. (*Union Trust Co. v. Johns,* 107 Misc. Rep. 12, 176 N. Y. Supp. 525; *Archer v. Archer,* 164 App. Div. 81, 149 N. Y. Supp. 426; *Savings & Loan Soc. v. Davidson,* 97 Fed. 696, 713, 38 C. C. A. 365; *Garardi v. Christie,* 148 Mo. App. 75, 127 S. W. 635; 39 Cyc. 299. See, also, *Harrison v. Mulvane,* 62 Kan. 454, 63 Pac. 749, 54 L. R. A. 405; *Mead v. McLaughlin,* 42 Mo. 198.)

A trustee may and should act for the best interests of the trust. The purchase of outstanding claims may in his judgment become necessary but when he purchases such adverse claims, he is not permitted to gain an advantage out of the transaction though he may be entitled to reimbursement for the amount which he actually has expended, plus interest. (*Baugh's Exr. v. Walker,* 77 Va. 99; *Bourquin v. Bourquin,* 120 Ga. 115, 47 S. E. 639; *Eisert v. Bowen,* 117 App. Div. 488, 102 N. Y. Supp. 707; *Wiswall v. Stewart & Easton,* 32 Ala. 433, 70 Am. Dec. 549; *King v. Cushman,* 41 Ill. 31, 89 Am. Dec. 366; *Rankin v. Barcroft,* 114 Ill. 441, 3 N. E. 97; Perry on Trusts, 7th ed., sec. 428.)

In the light of these principles we believe that Griggs has no right to require plaintiff to bring this action for his own benefit which would result in foreclosing the interests of his beneficiaries. We do not pass upon nor decide whether in an appropriate action Griggs might recover out of the trust property the amount which he has actually expended for the benefit of the trust but not herein because the amended complaint states only an action in foreclosure and makes no reference to Griggs having advanced this money for the protection of the trust nor that he seeks reimbursement in connection therewith. No

motion was made or allowed conforming the pleadings to the proof.

The judgment is affirmed. Costs awarded to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.